RICHARDSON VS WILLIAMS.

*Touching the limitation to writs of error.*

1. The statute limiting the prosecution of writs of error, to three years, applies as well to a writ of error from a Superior to an Inferior Court, as to one issued from a Court and returnable to itself, to revoke its own judgment.
2. One who has lost a right to sue out a writ of error, cannot object, that the opposing party had died and there was no representative against whom to sue out the writ.
3. In a case where it may be essential to sue out a writ of error against a deceased party, whose estate has not been administered on for the period of three months after his death,—one, desiring the advantage of such writ, should apply to the County Court, and have administration granted to the Sheriff.

In error to the Circuit of Greene county.

The plaintiff in this case, came into Court and prayed that a certain judgment, rendered against him, in the Court below, might be reversed and held for nothing.

And upon examining the record, it appeared that the plaintiff had, at September term, in the year eighteen hundred and thirty-six, of the Circuit Court of Greene county, presented his petition to that Court, in which he represented, that theretofore, to wit, on the —— day of ——, in the year ——, he was sued in the same Court by one Joseph G. Williams, on a note which he executed as security, for one Paulding Anderson, in the State of Virginia: That a judgment was ob-

tained, on said note, against petitioner, by said Williams, at the September term of said Court, eighteen hundred and thirty-one, from which judgment, petitioner appealed to the Supreme Court. During the pendency of said appeal, it came to the knowledge of petitioner, that the said Joseph G. Williams was dead; and had departed this life, before the rendition of the judgment, aforesaid, against the petitioner, and before the institution of the suit; in consequence of which, petitioner by counsel, at the fall term of eighteen hundred and thirty-three, made, and had entered, on the docket of said Court, a motion to set aside the said judgment, which motion had been continued from some cause, from Court to Court, and yet remained undetermined, and the petitioner had been informed by counsel, and was confident in the belief, that no execution could issue on said judgment, until said motion was decided or disposed of by the Court. Petitioner in the petition, charged the fact to be, that Joseph G. Williams departed this life, before the rendition of the judgment in the Circuit Court, aforesaid, which he was ready to establish and prove to the satifaction of the Court. Yet at the January term of the Supreme Court, the judgment was affirmed against the petitioner and certified to the clerk of the Circuit Court of Greene county, aforesaid; and notwithstanding the motion aforesaid, was then depending and undetermined, and no execution could properly issue, yet the clerk of the said Circuit Court, had on the twenty-ninth day of March, eighteen hundred and thirty-five, issu ed a writ of *fieri facias*, against the petitioner, for the

debt and all the costs, which had accrued both in the Circuit and in the Supreme Court, amounting to the sum of five hundred dollars and seventy-one cents. The execution was, at the date of the petition, in the hands of the sheriff of Greene county, and petitioner's property was liable to be taken for the payment of the sum of money, when there was no plaintiff to receive it; all of which, plaintiff thought was manifestly unjust and injurious to him, and inasmuch as he was remediless in the premises, without the aid of the Court, he therefore prayed that he might be granted a writ of *supersedeas*, directed to the sheriff of Greene county, commanding him to suspend the levying of said execution, until the matters contained in the petition, could be fully heard and determined, and that the Court would grant such other and further relief as was proper, &c.

Petitioner swore that the things stated in the petition, were true to be best of his knowledge and belief.

And thereupon, the Court ordered the *supersedeas* to issue, agreeably to the prayer of the petitioner, on the usual terms of bond and security, &c.

And by consent of parties, the case was submitted to the Court for decision in vacation, and the decision so made was to be valid and effectual to all intents and purposes,—as much so, as if rendered in open Court.

And then at September term, in eighteen hundred and thirty-six, a motion was made by the defendant to quash the *supersedeas* awarded in this case, and deliberation was thereupon had, and it

was considered by the Court, that the same should be quashed: and thereupon it was further considered by the Court, that the case be dismissed, and that defendant go thence and recover of plaintiff his costs, in and about his defence in that behalf expended, for which execution might issue, &c.

And plaintiff prayed an appeal from the judgment at that term, in the case, and filed his bond, with proper security, according to law, and the appeal was granted, and it was ordered that the record and proceedings had in the cause, should be certified to the next term of the Supreme Court.

And a motion was also made by defendant, to set aside the judgment rendered against him in this Court; and that motion was continued.

The following was the statement contained in the bill of exceptions, on which the case was brought up: That the counsel for defendant moved the Court to quash the *supersedeas*, and thereupon the counsel for plaintiff, called upon them to say, who they represented: to which they answered, that they represented the defendant in the record. Plaintiff then objected that defendant was dead, and offered to shew that fact by affidavit, produced in Court, and objected to the appearance of counsel, inasmuch as there was no person in existence whom they could represent, and proposed to the Court, to inquire into that fact, and that they should be required to satisfy the Court that they represented a living person, or say whom they represented, if any other than Williams. But these objections were overruled, and the said motion to quash, was heard by the Court. The counsel for Richardson,

then moved the Court for leave to make the sheriff of Greene county, to whom administration had been committed, on the estate of the defendant, on the first Saturday of the term, a party to the said *supersedeas*; but the Court sustained the motion to quash, on the ground that the judgment had been rendered in this Court, and affirmed by the Supreme Court, and could not be annulled or vacated in this Court, and that the death, not having· been pleaded to the action, the plaintiff in the judgment was entitled to execution against Richardson.· The Court therefore quashed the *supersedeas*, to which said Richardson excepted, &c.

The affidavits stated, to wit,—John A. Smith, made oath, that Joseph G. Williams of Nottoway county, Virginia, in whose name a suit had been brought against Daniel B. Richardson, in this State, and in the county of Greene, died to the best of his recollection, and from general report, some time in the year eighteen hundred and thirty.

The plaintiff in error, made oath, that he did not know that said Joseph G. Williams was dead, until some time after the plaintiff recovered a judgment against him, in the Circuit Court of Greene county.

And *Asa B. Wynne* of said county of Greene, deposed, that he formerly resided in the county of Nottaway, in the State of Virginia, and was personally and intimately acquainted with Mr Joseph G. Williams of said county and State, and lived not far distant from him, and he further saith, that he knew the defendant Richardson, when he lived in Lunenburg county, about twenty miles distant

from the residence of said Williams, and he further saith, that the said Joseph G. Williams, died in Virginia, and while this affiant still lived in Virginia, in the spring or summer of the year eighteen hundred and thirty. This affiant said, that of the death of the said Williams, in the year eighteen hundred and thirty, he is certain and positive.

The errors assigned, were—

1. That the Court below had erred in quashing the writ of *supersedeas*.

2. The Court should have allowed the plaintiff, to have made the administrator of Williams, a party, and should not have refused the application to do so.

3. The Court erred in rendering judgment against Richardson, as shewn in the record.

COLLIER, C. J.—The plaintiff in error obtained an order for a *supersedeas*, on the twelfth May, eighteen hundred and thirty-five, upon his petition, setting forth, that, at the September term, eighteen hundred and thirty-one, of the Circuit Court of Greene, a judgment was obtained against him, at the suit of one Joseph G. Williams: that Williams had died previous to the commencement of the action; that he had appealed from that judgment to the Supreme Court, where, at its term holden in January, eighteen hundred and thirty-five, it was affirmed. The petition prays the issuance of a *supersedeas*, and such other relief as may be necessary.

At the September term, eighteen hundred and thirty-six, of the Circuit Court, counsel professing to represent Williams, appeared and moved the

Court to quash the *supersedeas*,—this was objected to, by the plaintiff's counsel, who offered to prove the death of Williams, and required that the adverse counsel should satify the Court, that they represented a "living person;" but these objections were overruled. Thereupon, the counsel for the plaintiff moved the Court, for leave to make the sheriff, (to whom administration of Williams's estate had been granted two days previously,) a party, as administrator; but the Court sustained the motion to quash the *supersedeas* on the ground, that the judgment rendered in the Circuit Court, had been affirmed by the Supreme Court, and could not be annulled by the former; and for the further reason, that the plaintiff had omitted to plead the death of Williams in abatement of the action.

For the plaintiff, it has been argued, that his remedy by writ of error, *coram nobis*, at common law, was clearly defined, and that he was correctly pursuing it, when his petition was dismissed. The defendant, denying the justness of this argument, insists, that whatever remedy the plaintiff may have had, it is lost by the operation of the statute of limitations, limiting all writs of error to three years from the rendition of the judgment.

The statute is in these words: "A writ of error may issue to reverse any final judgment in the Circuit Court, at any time within three years after the rendition of the judgment, and not afterward."— The terms of this act are general, and must be taken to apply as well to writs from an inferior to a superior Court, to reverse a judgment; as where the writ issues from a Court returnable to itself, to re-

voke its own judgment.    And as the time prescrib-
ed elapsed before the plaintiff commenced his pro-
ceeding, the bar is complete, unless the influence of
the statute can be superseded.

It is  insisted, that Williams having  died previ-
ous to the judgment recovered against the plaintiff,
and no administration appearing to have been had
upon his estate, there was no one to proceed against,
so that the statute could not run.    Without stop-
ing to  inquire, whether the plaintiff might have
taken the initiatory step, to procure a revocation of
the judgment against him, before an administrator
was appointed, we are of opinion, that it was  his
duty to have procured the appointment of the she-
riff so that  office, which would have been done by
the  County Court, by shewing, *prima facie*, that
Williams had been dead as much as  three months,
and his estate unadministered on.    Upon the sup-
position that an administrator was  necessary to
authorise the plaintiff to commence his proceeding,
to set aside the judgment against him,—in calcula-
ting time, he must be allowed in  addition to three
years, (the statute bar,) three months, the  period
within which, he could not procure the grant of ad-
ministration to the sheriff.

Giving the plaintiff three years and three months
after the judgment was obtained  against him, to
exhibit  his petition, and still the limitation  would
have expired.—See to the same effect, *Hutchison vs
Tolls*, 2 Porter's Rep. 44, and *Houpt vs Shields' adm'r*
2 ib. 247.

Judgment is affirmed.