## ALFORD AND MIXON v. COLSON, USE, &c.

1. Where there is a defect in proceedings removed by appeal or *certiorari* from a justice of the peace to the Circuit or County Court, a motion to dismiss, if available, should be made at the first term after the parties are in Court, and before a continuance of the cause.

2. An execution was issued by a justice of the peace, at the suit of C. against the goods and chattels of A, and levied on a slave, which A made oath was the property of W, and held by the affiant as his agent: a trial of the right of property was had between the plaintiff in execution and A, as agent, and the slave condemned to satisfy the execution; A then, upon his petition, obtained a *certiorari* and entered into bond with M as his surety, and the cause being removed to the Circuit Court, was dismissed, on motion of C; thereupon W applied for a writ of error, and executed a bond with surety for its prosecution. *Held*, that if W was the owner of the slave, the claim of property and all subsequent proceedings should have been in his name, instead of the name of A, as agent; that W could not prosecute a writ of error on the judgment of dismissal, and that the judgment was correct.

Writ of error to the Circuit Court of Monroe.

An execution was issued by a justice of the peace, at the suit of the defendant in error against the goods and chattels of the plaintiff, Alford, and levied on a female slave, which Alford made affidavit was not his property, but that Henry D. Whippel was her owner. A trial of the right was thereupon had before the justice, between the plaintiff in execution and Alford, the agent of Whippel, claimant, a verdict was rendered in favor of the plaintiff, and judgment rendered condemning the slave to the satisfaction of the execution.

Alford presented his petition praying that *certiorari* might be awarded, to remove the case to a higher Court for trial, which being granted, a bond was executed by the petitioner, with Mixon as his surety; conditioned as usual in such cases. At the second or third term after the cause was removed to the Circuit Court, the plaintiff in execution moved to dismiss it for the want of a proper affidavit. Thereupon it was ordered that the claim be

dismissed, and that the plaintiff recover of Alford and Mixon the costs, &c.

From a bond for the prosecution of a writ of error, it appears, that Whippel applied for the same, and entered into bond with surety. The writ of error describes the cause determined in the Circuit Court to have been between Colson, use, &c. against Alford and Mixon, without noticing Whippel.

W. P. LESLIE, for the plaintiff in error, insisted that the cause should not have been dismissed by the Circuit Court, nor a judgment for costs rendered against Alford and his surety.

COLLIER, C. J.—If at any time the Circuit Court should have entertained a motion to dismiss, for a defect in the affidavit by which the claim of property was interposed before the justice, it was certainly too late after one or more continuances of the cause, subsequent to the appearance of the parties. This point has been repeatedly so ruled in analagous cases.

If the slave was the property of Whippel, the claim should have been interposed in his name. But instead of thus proceeding, the defendant in execution declares that he held the slave as the agent of Whippel, and the statement of the case before the justice, as well as the petition for a *certiorari*, and bond consequent thereon, show that in the character of agent, he was the claimant. Conceding that Alford's possession was, as he affirms in his affidavit, and still his principal should have been the party litigant, instead of himself.

It was clearly competent for the Court to have looked into the case, and if it appeared that the claim was made by an improper person, to have dismissed it on motion. This course could not have been productive of injury to any one ; for if the cause had been tried upon an issue to the jury, and a verdict returned for Alford, as agent, &c. the judgment must have been arrested. The fact that a writ of error bond was executed by Whippel, and a writ of error applied for by him, as the condition recites, can have no effect upon the case.

We have extensive powers in respect to the amendment of writs of error, so as to adapt them to the transcripts they are intended to remove. But here, there is no want of conformity of

one to the other, and consequently no occasion for the exercise of the power.

It has been shown, that although the claim could not have been dismissed for a defect in the affidavit merely, yet it was properly disposed of, because the claimant was also the defendant in execution, and if, as agent, he could have made the necessary affidavit and executed the bond, yet the proceeding should have been in the name of his principal, and thus progressed to the close. The consequence is, that the judgment must be affirmed.