## MASON & CHAMBERS v. MOORE & TULANE.

1. A *certiorari* to review the judgment of a justice of the peace cannot be regularly sued out after the expiration of three years from the rendition of the judgment; and if sued out after that time, is properly dismissed.

Writ of Error to the Circuit Court of Shelby.

Mason, one of the plaintiffs in error, in March, 1846, petitioned the judge of the county court for *certiorari* and *supersedeas* to remove to the circuit court a judgment obtained by Moore & Tulane, for the use of Moore, against him, before a justice of the peace. The petition does not state when this judgment was given. The alledged ground for the *certiorari* is, "that the judgment has long since been paid." The *certiorari*, &c. was allowed and returned to the circuit court.

From the return of the magistrate it appears judgment was given by him the 5th September, 1840.

At the first term after the return of the *certiorari* to the circuit court, it was continued for plaintiff.

At the next term, the parties appeared, and the plaintiff moved to dismiss the writ of *certiorari*, which motion was allowed, the writ dismissed, and judgment given against Mason, and against the other plaintiff in error, for the costs of suit.

This dismissal is now assigned as error.

Pope, for the plaintiffs in error, insisted, it was too late to dismiss after the first term.

Peck, for the defendant in error, contended—

1. That as no sufficient ground is laid in the petition to revise the judgment, and as the ground there assumed is one for which a *certiorari* will not lie, the motion to dismiss was proper at any time.

2. That no *certiorari*, or other proceedings in the nature of a writ of error, will lie after three years from the time of rendering the judgment.

GOLDTHWAITE, J.—Without stopping to inquire, whether the return of this *certiorari* to the circuit court, at the *fiat* of the county judge, or the relation in the petition that the judgment has long since been paid, are sufficient to distinguish this case from that of Alford v. Colson, 8 Ala. Rep. 550, where the rule is laid down, that motions to dismiss writs of *certiorari* must be made at the first term after appearance, we held the opinion, that here it was properly dismissed on account of the lapse of time. Previous decisions of this court show, that *certiorari* is not the proper writ to revise errors or irregularities accruing after judgment. [Bobo v. Thompson, 3 S. & P. 385; Wheelock v. Wright, 4 Ib. 103; Gray v. Dennis, 3 Ala. R. 717; Gilliland v. Ware, 4 Ib. 414.] But hitherto, no decision has been made as to the time within which a *certiorari* to examine the merits of the cause must be applied for. There is no statute prescribing a limitation for such re-examination, but writs of error from the county to the circuit, and from the circuit to the supreme court, are prohibited after the expiration of three years from the rendition of the judgment. [Dig. 309, § 17.] Courts of equity will not allow bills of review to be filed after the expiration of the period to which writs of error are limited, and we have held the statute as extending to writs of error *coram vobis*. [Richardson v. Williams, 5 Porter, 515.] It seems

equally reasonable to extend it to writs of *certiorari*, which, in relation to judgments of justices, operate as writs of error *coram vobis*, by allowing the re-examination of the cause upon its merits. In this case, it is shown by the return of the justice, that the judgment was given in September, 1840. The application to review it, is not made until March, 1846. We are clear, that after three years, no judgment of a justice can be revised by *certiorari*. There was therefore no error in dismissing the writ.

Judgment affirmed.