# Grantham *v.* Payne.

*Certiorari from Justice's Judgment.*

1. *When wife may sue on note, payable to husband.*—A promissory note, given for the purchase-money of lands belonging to the statutory estate of the wife, though taken payable to the husband, is a part of the *corpus* of her estate; and she may maintain an action on it in her own name, without any assignment or transfer by the husband.

2. *Proof of ownership of note.*—In an action by the wife, on a promissory note payable to the husband, and not assigned by him, he may testify that the note belongs to the plaintiff, and not to himself.

3. *Certiorari to justice's judgment; limitation of.*—It is no objection to a *certiorari*, when sued out to review a judgment rendered by a justice of the peace, that it was sued out after the expiration of the five days allowed for taking an appeal (Code, § 3654); the limitation of the writ, in such case, " would probably be one year."

4. *Payment of judgment to justice.*—The payment of the judgment by the defendant to the justice of the peace, without an acceptance of the

[Grantham v. Payne.]

money by the plaintiff, does not bar the plaintiff's right to sue out an appeal or *certiorari*.

5. *Wife's statutory estate ; for what articles liable.*—The wife's statutory estate can not be subjected by action (Code, § 2711) to liability for articles of apparel purchased by the husband for his own individual use.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Mrs. Callie E. Payne, the wife of Martin A. Payne, against M. M. Grantham, to recover an alleged balance of $49.80 due on a promissory note ; and was commenced before a justice of the peace, on the 6th March, 1882. The note on which the action was founded was for $350, signed by the defendant, dated February 24th, 1881, and payable to Martin A. Payne ; and it recited on its face that it was given "for balance of purchase-money of house and lot in Scottsboro." Indorsed on said note was an assignment, without date, by said M. A. Payne, to J. R & M. Burdett, as collateral security for a debt of $250 ; and also a credit, signed by J. W. Morris, dated February 8th, 1882, in these words : " Received on this [note] $326.20, in full of principal and interest, except an account for $49.80 that said Grantham holds." The justice allowed the account as a set-off against the plaintiff's claim, and rendered judgment for the plaintiff, for forty-two cents, as the balance due. This judgment was rendered on the 13th March, 1882 ; and one the 18th the plaintiff tendered an appeal bond, which the justice refused to accept, holding the security to be insufficient. On the 20th March, the defendant paid the amount of the judgment to the justice, who tendered it to the plaintiff ; but the plaintiff refused to receive the money, and applied by petition to the probate judge for a *certiorari*, to remove the proceedings into the Circuit Court. The *certiorari* was granted, being issued by the clerk of the Circuit Court, on the *fiat* of the probate judge ; and in his return to the writ the justice of the peace stated the proceedings had before him as they are above set forth.

In the Circuit Court, as the bill of exceptions shows, the defendant moved to dismiss and quash the *certiorari*, because it was sued out after the lapse of five days from the date of the judgment, and after the payment of the judgment to the justice ; and he excepted to the overruling of his motion. On the trial, M. A. Payne, the plaintiff's husband, to whom the note was payable, testified as a witness for her, that the note was given for the agreed purchase-money of a house and lot in the town of Scottsboro, which belonged to the statutory estate of his wife, and which they had sold and conveyed to the defendant ; and further : " The note is not my property, and never was. Col. Snodgrass wrote it, in my absence, and I had nothing to

[Grantham v. Payne.]

do with it. It is the property of my wife." To this answer the defendant objected, " because it contradicts the written contract by parol testimony ; " and he duly excepted to the overruling of his objection. The defendant offered in evidence, under the plea of set-off, the account which had been allowed by the justice, and which was made out in favor of Snodgrass & Caldwell, merchants, against said Martin A. Payne. It consisted of boots, shoes, overcoat, and other articles, bought between February and November, 1881, amounting to $49.80 ; and it was assigned by said Snodgrass & Caldwell to the defendant, November 15, 1881. As to this account, said M. A. Payne testified, in behalf of the plaintiff, " that said articles were all purchased by him, for himself, and not for his wife ; and that said articles, each and all, were for his own individual use, and not for plaintiff, nor for the family." The court charged the jury, in reference to this account, " that if they believed the articles therein named were articles of apparel for the individual use and benefit of the husband, then said articles were not such as the statutory estate of the wife would be liable for, and they should be rejected and disallowed as a set-off in this case." The court charged the jury, also, that if the note was given for the purchase-money of a house and lot which belonged to the plaintiff's statutory estate, then the plaintiff might maintain an action on it in her own name, although it was made payable to the husband ; and that a demand or claim against the plaintiff's husband was not available to the defendant as a set-off. To each of these charges the defendant duly excepted ; and he now assigns them as error, together with the other rulings above stated.

J. E. BROWN, for appellant.

SOMERVILLE, J.—1. The action was properly brought in the name of the wife alone, as " the party really interested." She is shown to have been the beneficial owner of thé note sued on, and it was a part of the *corpus* of her statutory separate estate under the laws of Alabama. Although payable on its face to the husband, he held the legal title in trust for the wife as beneficiary, and his possession was hers.—Code 1876, §§ 2890, 2892 ; *Wortham v. Gurley*, 75 Ala. 356.

2. The ownership of the note by the plaintiff was a fact to which her husband, Payne, could properly testify. The objection to this testimony was without force.—*Nelson v. Iverson*, 24 Ala. 9 ; *Elliott v. Stocks*, 67 Ala. 290 ; *Patterson v. Kicker*, 72 Ala. 406.

3. It was no valid objection to the writ of *certiorari*, granted by the probate judge to the justice's court, that the five

days allowed by statute for taking an appeal to the Circuit Court had elapsed when the petition for the writ was granted. One of the chief functions of this writ is to secure a review of proceedings from which the right of appeal has been in some manner lost or barred.— *Washington v. Parker*, 60 Ala. 447 ; *Wright v. Gray*, 20 Ala. 363.   The least time within which a limitation would be perfected as to such writs of *certiorari*, would probably be one year.—*Mason v. Moore*, 12 Ala. 578 ; *Enis v. Ross*, 19 Ala. 239 ; Code 1876, § 3949, as amended by Acts 1878–79, p. 40.

4.   The payment of the judgment to the justice by the defendant, without any acceptance of the money by the plaintiff, could not manifestly affect the right of the plaintiff to have the proceedings reviewed in the Circuit Court, where the trial was required to be had *de novo*.   The basis of the appeal was the failure of the plaintiff to recover the sum to which she was justly entitled, by reason of the improper allowance against her of a set-off in favor of the defendant.

5.   In relation to this set-off, the court properly charged the jury, that so much of it should be disallowed as embraced articles of apparel purchased by the husband for his individual use ; the separate statutory estate of the wife not being subject to the payment of such a debt, by set-off or otherwise.—Code, 1876, §§ 2706, 2710 ; *Durden v. McWilliams*, 31 Ala. 438.

We find no error in the rulings of the court, and the judgment is affirmed.