# First Avenue Coal & Lumber Co. *v.* Hite.

*Assumpsit.*

(Decided June 12, 1913.   62 South. 1018.)

1. *Courts; Appeals; Persons Entitled.*—Construing section. 10 local
Acts 1911, p. 375, and section 4713, Code 1907, it is held that a plain-
tiff who recovers judgment in the Birmingham Court of Common
Pleas for an amount less than the amount claimed may have an
appeal, as the word "against" as used in the statute is not to be
taken in its narrow or restricted sense, but in the sense of in op-
position to any contention involved in the matters litigated or con-
tested.

2. *Appeal and Error; Right of Appeal.*—Statutes providing for and
regulating appeals should not be so narrowly construed as to cut off
or fetter the right of appeal, but should be construed so as to con-
serve the purposes of their enactment.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Assumpsit by the First Avenue Coal & Lumber Com-
pany against W. J. Hite, begun in the Birmingham
Court of Common Pleas, and taken by appeal by plain-
tiff to the Circuit Court, where the cause was dismissed
because it appeared that the appeal was by the party in
whose favor judgment was rendered.   Reversed and
remanded.

HORACE C. WILKINSON, for appellant.   The court gave
a too narrow construction to the word "against" in
section 4713, Code 1907, in view of the provisions of
section 168, Constitution 1901, and therefore erred in
dismissing plaintiff's appeal.   Attention is also called
in this connection to section 4724, Code 1907.

[First Avenue Coal & Lumber Co. v. Hite.]

ALLEN & BELL, for appellee. Plaintiff recovered judgment in the lower court and was therefore not authorized to appeal therefrom to the circuit court.— Sec. 10, Acts 1911, p. 375; Sec. 4713, Code 1907; *Derrick v. Shancyfelt,* 44 South. 651.

PELHAM, J.—The appellant filed suit against the appellee in the Birmingham court of common pleas, an inferior court having the same jurisdiction as the courts of justices of the peace, for $68.40, and recovered a judgment for $21.80. The record does not disclose whether the plaintiff's demand was reduced by set-off or recoupment successfully pleaded, or how the full amount of the plaintiff's claim was defeated, but that it was successfully defended against to this extent is shown by the amount of recovery being less than the amount claimed, and that the plaintiff supposed itself aggrieved at the amount of the judgment rendered, and prosecuted an appeal to the circuit court. When the case was called for trial in the circuit court, the appellee moved to dismiss the appeal on the ground that the appellant had recovered a judgment against the appellee in the court of common pleas, and that the statute does not authorize an appeal from a judgment rendered in favor of the appellant, but only when the judgment appealed from is one rendered against him. The motion was granted, and the appeal dismissed, and it is to review the action of the court in granting the motion that this appeal is prosecuted.

The act establishing the Birmingham court of common pleas in section 10 of the act provides "that the law relating to appeals and certiorari in cases from courts of justices of the peace shall apply to appeals and certiorari cases from the court established by * * * this act."—Local Acts 1911, p. 375. The law

[First Avenue Coal & Lumber Co. v. Hite.]

relating to appeals, etc., in cases from courts of justices of the peace applicable to the question presented is found in section 4713 of the Code, and is as follows: "Any party may appeal from any judgment rendered against him before a justice of the peace to the circuit court, or court of like jurisdiction, upon complying with the provisions of this chapter at any time within five days after the rendition thereof, unless otherwise provided in this Code." The word "against," as used in this statute, is in the sense of "in opposition to any contention involved in the matters litigated, or contested," and is not to be taken in its narrow or restricted meaning and import that the judgment in its entirety must be in favor of the opposing party to him appealing, and must run in the name of the successful party. The phrase "any judgment rendered against him" can have no other meaning, as used in this statute, providing for an appeal when the trial is de novo, than that which includes all or any of the several distinct and separate matters that may be embraced in the questions litigated in the case in which the judgment is rendered, and any finding against a party on any issue involved in the trial is a judgment "against him," authorizing an appeal under the provisions of this statute; for the judgment is against him, in this sense authorizing an appeal and a trial de novo, when it is not in his favor on all matters put in issue on the trial of the cause.

Statutes providing for and regulating appeals should not be narrowly construed to "cut off or fetter the right of appeal," but should be broadly construed to serve the purposes of their enactment.—*National Union v. Sherry*, 61 South. 944, present term. See, also, *Grantham v. Payne*, 77 Ala. 584; *Francis-Chenoweth Hdw. Co. v. Bailey & McConnell*, 104 Ala. 566, 568, 18 South. 10.

The court below was in error in granting the appellee's motion to dismiss the appeal, and the case must be reversed and remanded for further proceedings in conformity with our holding.

Reversed and remanded.