143 So.2d 670

**Ex parte Felix Marvin JORDAN.**
**7 Div. 693.**

Court of Appeals of Alabama.

May 15, 1962.

Rehearing Denied June 5, 1962.

See also ante, p. 579, 142 So.2d 678.

Felix Marvin Jordan, pro se.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Tommy R. Ogletree, Legal Research Aide, Montgomery, for the State.

CATES, Judge.

Jordan, in Kilby Prison, asks us to grant common law certiorari to review two cases in the DeKalb Circuit Court, Nos. 658 and 789. He filed his petition before us as an original action on January 29, 1962. We reviewed the indictments and judgments on a habeas corpus appeal from Hon. Eugene Carter in Jordan v. State, ante, p. 579, 142 So.2d 678.[1]

In case No. 658 Jordan, having been found guilty, was sentenced on March 18, 1961, and took an appeal which he withdrew on March 31, 1961. In case No. 789 he was adjudged guilty and sentenced on September 7, 1961. No notation of taking appeal in this latter case has been shown us.

Grantham v. Payne, 77 Ala. 584, referring to Mason v. Moore, 12 Ala. 578, and Enis v. Ross, 19 Ala. 239, cites the predecessor of Code 1940, T. 7, § 788, as probably limiting the time for bringing certiorari. This was before the present T. 15, § 368, gave a distinct time for criminal appeals. However, § 788 and § 368, supra, both allow six months from rendition of judgment.

The court, in Mason v. Moore, supra, per Goldthwaite, J., said:

"* * * But hitherto, no decision has been made as to the time within which a certiorari to examine the merits of the cause must be applied for. There is no statute prescribing a limitation for such re-examination, but writs of error from the county to the circuit, and from the circuit to the supreme court, are prohibited after the expiration of three years from the rendition of the judgment. Dig. 309, § 17. Courts of equity will not allow bills of review to be filed after the expiration of the period to which writs of error are limited, and we have held the statute as extending to writs of error coram vobis. Richardson v. Williams, 5 Port. 515. It seems equally reasonable to extend it to writs of certiorari, which in relation to judgments of justices, operate as writs of error coram vobis, by allowing the re-examination

---

1. Jordan also states he sought review in the circuit court by way of coram nobis which he says was dismissed. In view of In re Shuttlesworth, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548 (28 U.S.C.A. § 2254, 2d sent.), we are puzzled as to why he considers he has not exhausted his state court remedies. Cf. Ex parte Shuttlesworth, ante, p. 542, 138 So.2d 710.

of the cause upon its merits. In this case, it is shown by the return of the justice, that the judgment was given in September, 1840. The application to review it, is not made until March, 1846. We are clear, that after three years, no judgment of a justice can be revised by certiorari. There was therefore no error in dismissing the writ."

The analogous statutory period referred to there reads:

"A writ of error may issue, to reverse any final judgment in the circuit court, at any time within three years after the rendition of the judgment, and not afterward." Clay's Digest, p. 309, § 17.

■ We hold as to case No. 658 the writ was sought too late because the petition was filed more than six months after the circuit court rendered its judgment. The Attorney General's motion to dismiss will be granted in part.

■ With respect to No. 789, we have been cited no authority that certiorari may not issue to examine the record in a criminal case even though appeals and writs of error are now more common. However, the scope of examination certainly is much narrower than we accord on appeal. Code 1940, T. 15, § 389. Also, while a writ of error is one of right (on proper pleading) a writ of certiorari at common law is discretionary.

In Ex parte Rodgers, 12 Ala.App. 218, 67 So. 710, we find Judge Brown saying:

"While the discretion the court may exercise in awarding or refusing the writ is not an arbitrary one dependent upon whim or caprice, but is a sound judicial discretion dependent upon the settled legal principles applicable to the case, yet it will not be awarded unless some special cause for it is shown, and its issuance is necessary to the accomplishment of justice in the particular case. 4 Enc. P. & P. 33, 34. It is well settled that the writ will not be awarded to an individual where as a result public inconvenience or detriment will likely ensue, or where the party making application for its issuance has been guilty of laches in the protecting of his rights, or where other remedies exist adequate to the ends of justice. 4 Enc. P. & P. 36, 50–54; Independent Publishing Co. v. American Press Ass'n, 102 Ala. 475, 15 South. 947; City of Decatur v. Brock, 170 Ala. 149, 54 South. 209. * * *"

Again, in Ex parte Wetzel, 243 Ala. 130, 8 So.2d 824, Gardner, C. J., speaking for the court, in the course of reviewing an original petition to examine an order of the circuit court finding the petitioner in contempt, quoted with approval from 10 Am.Jur., p. 531:

"'Under the generally prevailing practice, a writ of certiorari will not issue if other adequate remedy, such as an appeal or writ of error exists'. * * *"

And then concluded, after further discussion of other points, as follows:

"As observed in 10 Amer.Jur. 530, a writ of certiorari will never be refused by the court in a proper case, but it is not regarded as one of right, but rather as one which is discretionary with the court in order to promote the ends of justice as effectively as possible. Courts have always exercised a very liberal discretion in this regard. But as we have previously observed, from a study of the proof before us, we are convinced the finding of the court finds support in the facts and that in this instance the ends of justice call for a denial of the writ."

We hasten to add that the discussion here does not apply to the office of the writ of certiorari as ancillary to other appellate proceedings for the purpose of diminution of the record or the establishment of correct entries as pointed out in Ex parte Biddle, 258 Ala. 190, 61 So.2d 803. See also Code 1940, T. 7, § 1080.

Inasmuch as we have but recently reviewed, by way of an appeal from a habeas corpus proceeding, all matters amenable to review by way of certiorari, we accordingly choose to exercise our discretion with respect to that part of the petition relating to circuit court case No. 789. As to this latter judgment, we deny the petition.

Petition dismissed as to Circuit Court Case No. 658; writ denied as to Circuit Court Case No. 789.