## GRADY'S ADM'R. *vs.* HAMMOND.

1. When an issue is made up between the plaintiff in attachment and one claiming to be the transferree of the property or debt attached, the plaintiff is entitled to open and close the argument of the case, although the issue is so framed that the transferree is made to *affirm* the fairness and good faith of the alleged transfer.

ERROR to the Circuit Court of Chambers.

Tried before the Hon. E. PICKENS.

Benj. L. Goodman, administrator of John Grady, deceased, sued out an attachment against the estate of Joel Hammond, and a writ of garnishment against Isaac Nolen, as the debtor of Hammond. Nolen appeared to the garnishment, and answered that he made a note for $140 to Hammond, but before the garnishment in this case was either issued or served, one Henderson Allen informed garnishee that he was the holder and owner of the note.

Goodman ceased to be administrator, and the plaintiff in error, Smith, was appointed administrator *de bonis non*, and became a party to the suit. The validity of the transfer of the note to Allen by Hammond having been disputed by the administrator of Grady, an issue was made up in the court below to test it. On the trial, the court caused the claimant of the note to take the initiative in the introduction of the proof, and allowed him to open and close the argument to the jury. The counsel for Smith claimed the right to open and close the argument to the jury, but the court refused to allow him to do so; to which refusal he excepted. The case presents no other question on the error assigned, than the refusal of the court to allow the plaintiff's attorney to open and close the argument before the jury.

S. F. RICE, for plaintiff in error.
No counsel for defendant.

LIGON, J.—According to the practice, as it has been for many years established in this State, the plaintiff is entitled to open and close the argument of his case before the jury. The only exception to his right to close the argument, is to be found in the 19th Rule regulating the practice in the Circuit Courts, which provides: "If the counsel for the plaintiff waives the right of opening the argument, he shall not have the right of concluding." Clay's Dig. 610, Rule 19; Worsham v. Goar, 4 Por. 441.

The attitude which the case assumed in the court below, does not change the rule in this respect. Through all the changes of parties in that court, the administrator of Grady is the actor, and, consequently, the plaintiff. His attachment commenced his suit, his garnishment brings in Nolen, and his

notice brings in Allen, the transferree of the note. Throughout, he occupies the position of plaintiff, and each of the other parties is brought in to defend against his pursuit; and the mere fact, that, in making up the issue with Allen, to try the validity of the transfer of the note to him, the latter was made to affirm the fairness and good faith of the transfer to himself, instead of denying fraud or unfairness imputed by the pleadings on the part of Smith, does not alter the relation of the parties to the case, or enlarge the rights of the defendant.

The counsel of Smith was entitled to open and conclude the argument on the issue, and as he did not waive his right, it was error in the court to refuse it to him.

Let the judgment be reversed, and the cause remanded.