## CHAMBERLAIN vs. GAILLARD.

1. A judgment is final and conclusive between the parties, when rendered on a verdict on the merits, not only as to the facts actually litigated and decided, but also as to all facts necessarily involved in the issue ; and if a particular matter, which was not necessarily involved in the issue, but which the issue was broad enough to cover, actually arose and was determined, it may be connected with the record by evidence *aliunde.*

2. In detinue for a slave, a plea in bar to the further maintenance of the suit, setting up a recovery by defendant against plaintiff in a subsequent action of assumpsit for the hire of the slave, is fatally defective on demurrer, unless it shows that the question of ownership entered into the issue on that trial : an averment that the declaration in that suit alleged that the plaintiff therein was the owner of the slave, is not sufficient, as the recovery might have been had under a bailment, which would render the allegation of ownership immaterial.

3. If the plea contains an additional averment, that the ownership of the slave formed a material part of the issue on the former trial, it is still defective : to make it a good plea in bar to the detinue suit, it must show that, on the former trial, the jury necessarily determined that the plaintiff therein was the owner of the slave down to the commencement of the detinue suit.

4. If issue is joined on such defective plea, unless defendant shows a state of facts which negatives his right to have recovered on any other ground than that of his ownership, his plea is not sustained, and the court may so instruct the jury,

5. The practice in this State is settled, that the plaintiff, unless he waives his right to open the case, is entitled to the opening and conclusion in every case, no matter what the form of the issue may be.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

DETINUE by Thomas Gaillard against Charles M. Chamberlain, for a slave named Adam. The defendant pleaded *non detinet*, and two special pleas which were, in substance, as follows :

2. That plaintiff ought not further to have or maintain his action, because defendant, at the February term, 1852, of the City Court of Mobile, impleaded plaintiff in an action of assumpsit for the hire of the slave Adam, in plaintiff's declaration now claimed, and in his declaration alleged that he was the owner of said slave ; that the defendant in said action of assumpsit pleaded the general issue, and issue was thereon joined between them ; that a trial was had on the issue thus joined at a subsequent day of the term, and said cause was submitted to a jury, who returned a verdict for the plaintiff therein, on which judgment was afterwards rendered by the court in his favor ; and that said judgment is still in full force, unreversed, &c.

3. The second special plea is substantially the same as the first, with this additional averment: "And said defendant further says, that his ownership of the said negro was involved

in said issue, and formed a material part thereof; and that under said issue, joined upon said plea, in said trial, the said plaintiff strongly litigated and warmly contested, as he was in law entitled to do, this defendant's right of property in said slave, and mainly insisted upon his (this defendant's) lack thereof as a defence," &c.

To each of these special pleas a demurrer was interposed, which was sustained as to the first, and overruled as to the other.

On the trial of the cause, as the bill of exceptions states, the defendant, by leave of the court, withdrew the plea of *non detinet,* "and then insisted that he held the affirmative of the sole issue presented by the pleadings, viz., the issue joined by consent upon his special plea of a former recovery since the commencement of this suit; and as a consequence of said affirmative relation thereto, and of his being necessarily the actor therein, and hence of right entitled to open and reply in the investigation of the truth or falsity thereof, moved the court to allow him to open and reply on the trial of said issue; which motion the court overruled, and decided that the plaintiff was entitled to open and close the said cause; and to this ruling of the court the defendant excepted."

After the plaintiff had introduced the whole of his testimony, the defendant, in support of his said special plea, offered in evidence, without objection, a duly certified transcript of the record therein mentioned, and then introduced as a witness the Hon. Alex. McKinstry, who presided as judge on the trial of said action of assumpsit, and who testified, "that on said former trial before him, there was proof before the jury as to the ownership of the slave now in controversy,—that the question of such ownership was argued by the counsel before the jury, and that he, as judge, thereupon charged and instructed said jury." This was all the evidence before the jury in reference to said special plea; and the court thereupon instructed the jury, among other things, "that it did not appear from the record of said action of assumpsit of Chamberlain vs. Gaillard that the title of the slave Adam was necessarily decided on the trial of that cause, and that the said record, even when aided by the testimony of Judge McKinstry, was not sufficient to sustain the special plea in this action"; and to this charge the defendant excepted.

The defendant requested the following charges in writing :

" 1. That the question of the title to the slave in controversy was within the issue of the former suit ; and that this being purely a point of law, the decision of the court in regard to it is conclusive, and the jury cannot inquire into it.

" 2. That the question of title being within the issue of the former suit, if the jury believe from the evidence adduced that there was any proof exhibited upon the former trial respecting this question, they must find for the defendant.

" 3. That the record of the former judgment shows that the plaintiff in this suit might, consistently with the issue in that record disclosed, have controverted this defendant's right of property to the slave Adam upon the trial of the cause in which said judgment was rendered ; and that if they believe from the evidence adduced that the plaintiff did, in fact, controvert this defendant's right to said slave upon said former trial, they must find for the defendant, unless they think from the evidence that he has been divested of his right since the date of said judgment."

The court refused each one of these charges, and to each refusal the defendant excepted ; and he now assigns for error, 1st, the sustaining of the demurrer to his first special plea ; and, 2d, the several rulings of the court shown by the bill of exceptions.

A. J. REQUIER, for the appellant :

I. The court sued in sustaining the demurrer to the second plea of defendant, being a special plea suggesting a former judgment against the further maintenance of suit. The judgment pleaded was rendered during the pendency of the present action, viz., on the 7th February, 1852. This suit was commenced on the 6th May, 1851, and tried the 20th May, 1853, for the first time. As to form :—It was well pleaded against the further maintenance of suit.—3 Ala. 200 ; 13 ib. 208 ; 21 ib. 483. But form is not reached by general demurrer.—9 Port. R. 397. As to substance :— If the former record clearly shows that the judgment to which the effect of concluding the party is ascribed, could not have passed without deciding a particular matter, it will be considered as having settled that matter for all future actions.

C. & H. Notes to Phil. Ev., 2 part, note 22, p. 36, p. 9 ; 9 Port. R. 397 ; 20 Ala. 798. The facts essential to the plaintiff's right of property in the negro were charged in the former suit, and the plaintiff could not have recovered without proving a right of property in the slave. The plea alleges, that the declaration contained none but general counts, and that the general issue was pleaded to it. In order to prove a consideration for an implied promise, in an action on the common counts, to which the general issue is pleaded, the matters of fact from which the promise is implied must be shown.—2 Greenl. Ev. § 105. The effect of the general issue, when so pleaded, is to deny all the matters of fact from which the promise may be implied.—Ib. § 135. The plaintiff in that suit was, therefore, obliged to show, 1st, that he was the owner of the slave, and, 2d, that he had been retained and kept·by the defendant; from which facts only, the law would infer a promise ; and the general issue, denying all the matters of fact from which a promise might be implied, necessarily put in issue the first of those essential facts, viz., the plaintiff's right of property. Conceding that the former suit was not well brought, the judgment therein is unreversed and of force, and if it "abounded with errors" it would nevertheless still be binding.—16 Ala. 271.

II. As to the rulings during the trial, and the charges given and refused :—

1. The party holding the affirmative of an issue, is, as a matter of right, entitled to open and close the proof and argument.—1 Greenl. Ev. § 74-5 ; C. & H. Notes to Phil. Ev., part 1, p. 644 ; 8 Ala. 746. This is especially so, when the defendant is willing, at the trial, to admit the whole of the plaintiff's case, except in so far as it may be affected by his affirmative plea. Such was the effect of the defendant's withdrawal in the cause of the general plea of *non detinet*.

2. The court erred in charging, that it did not appear from the record of the former suit that the title of the slave, Adam, was therein necessarily decided. The question under the sole plea was not whether it was necessarily decided, but whether it was within the issue merely. The charge was consequently abstract.

3. The court also erred in charging that the record, even

aided by the testimony of Judge McKinstry, was not sufficient to sustain the special plea. The bill of exceptions shows, that neither the introduction of the record in evidence, nor the testimony of Judge McKinstry, in aid of it, was excepted to. This was an admission of their sufficiency as far as they went. 21 Ala. 42. That they *together* cover the whole matter of the plea, is palpably evident.

4. The court erred in refusing to give the several instructions asked for by defendant, as shown by the bill of exceptions. The first of those charges was, "that the question of the title to the slave Adam was within the issue of the former suit," &c. When it it is kept in mind, that he had already charged the jury that the same question of title was not necessarily decided in the former suit, it is manifest that he thus denied the sufficiency of the special plea which had been sustained, after demurrer, by his predecessor, and whose invalidity could not be assumed. As to the sufficiency of that plea, there can be no doubt. The principle is, that when the matter in controversy in the pending suit, is within the issue of the former proceeding, and might or might not have been decided therein, the record may be explained by evidence *aliunde.*—C. & H. Notes to Phil. Ev., 2 part, p. 39 ; *ib.* note 14, p. 13 ; 6 Ala. 32 ; 7 *ib.* 166 ; 17 *ib.* 733. The other charges refused are abundantly illustrated by the authorities above cited.

A. R. MANNING, *contra.* [No brief on file.]

GOLDTHWAITE, J.—The first question is as to the sufficiency of the second plea. This plea is to the further maintenance of the suit, and avers, in substance, that after the commencement of the present action, Chamberlain sued Gaillard in assumpsit, to recover for the use and hire of the slave sued for in the present action, alleging that he was the owner of said slave ; and that in that action a recovery was had by Chamberlain upon the merits. The rule is, that judgments are final and conclusive between the parties, when rendered on a verdict on the merits, not only as to the facts actually litigated and decided, but that they are equally as conclusive upon all the facts which were necessarily involved

in the issue (Cummings v. McGehee, 9 Port. 349; Greenl. Ev., §§ 522, 528; C. & H. Notes to Phil. Ev., 830); and although the particular matter is not necessarily involved in the issue, yet if the issue is broad enough to cover it, and it actually arose and was determined, it may then be connected with the record by evidence *aliunde.*—Robinson v. Windham, 9 Port. 397; Davidson v. Shipman, 6 Ala. 27; Wood v. Jackson, 8 Wend. 9; C. & H. Notes to Phil. Ev. (2 ed.) 847-8. If it were otherwise, a judgment upon the same matter, and between the same parties, could never be conclusive, in any case where, from the generality of the pleadings, the particular facts tried and determined did not appear upon the face of the record itself. In the plea we are considering, however, there is no allegation that the question of ownership entered into the issue of the former action. The averment, in effect, is simply, that the defendant in the action of detinue obtained a judgment, in a suit commenced after that action, for the hire of the same slave, and that the declaration in such suit contained an averment that he was the owner of the slave. But the gist of the action was, the right to recover for the use of the slave; and if that right was established, it would have been entirely immaterial whether the plaintiff in that action was the owner of the slave or not. If Gaillard had hired the slave of him, and thus recognized his title as owner, he would not be allowed to dispute that fact; and in such a case, the allegation of ownership would have been treated as an immaterial averment.—Peters v. Heydenfeldt, 3 Ala. 215. The court, therefore, could not say from an inspection of the record alone, that the ownership of the slave was necessarily involved in the action referred to in the plea; and there was, for that reason, no error in sustaining the demurrer.

In relation to the charge of the court: The special plea on which the trial was had, was, in substance, a former recovery by Chamberlain against Gaillard, in which the record is set out, with the additional allegation, that the ownership of the slave sued for formed a material part of the issue on that trial. The appellant, to support this plea, introduced the proceedings and judgment, corresponding with the record described in it, showing an action of assumpsit by the appellant against the appellee to recover for the use and hire of

a slave, named Adam ; the declaration alleging that Chamberlain was his owner. This suit was commenced, and judgment rendered in favor of the plaintiff therein, during the pendency of the action of detinue, to the further maintenance of which it was pleaded in bar ; and in connection with the record, the judge who presided on the former trial was introduced as a witness, who proved that, on such trial, there was evidence before the jury as to the ownership of the slave in the trial then proceeding,—that this question of ownership was argued to the jury on the first trial, and that they were charged and instructed by the judge in relation thereto. The charge of the court upon this evidence was, that the record, and testimony offered in connection with it, were not sufficient to sustain the plea. That the plea is defective is certain, for, conceding that the question of title was material in the suit to which it refers, that is not enough. It should show that it was material, so as to bar the suit against which it is pleaded ; and that it could not do, unless it showed that it was necessarily determined by the jury that Chamberlain was the owner of the slave at the time of the commencement of the detinue suit. Chamberlain, as we have seen, might have recovered upon the bailment of the slave by him, without reference to the ownership ; or he might have proved that he was the owner at a period any time within six years before the commencement of his action, and claimed the right to recover hire during the period his title lasted. It was necessary that the plea should have shown that Chamberlain, in the former suit, rested his right to recover upon the ownership alone, and that the verdict and judgment necessarily determined that he was the owner down to the period we have mentioned.—Lawrence v. Hunt, 10 Wend. 80. The plea is, that on the former trial the question of ownership was material to the right of the plaintiff in that suit to recover ; and unless the defendant shows a state of facts which negatives his right to recover on any other ground, his plea is not sustained. That there was evidence on the other trial as to the ownership of the slave ; that that question was argued before the jury, and a charge given upon it by the judge, is not enough. These facts all may exist, and the determination of this question not necessarily be involved. *Non*

*constat* but that Chamberlain may have predicated his right to recover upon a bailment, in which the title would have been immaterial, as well as upon the question of ownership. It was not (and could not be) shown that the question of title was determined by the jury, until it was shown that they could not have found their verdict without determining this question; and unless the facts established such to have been the case, the plea was not sustained. In this aspect, as there was no evidence tending to show that the evidence was confined to the question of ownership alone—the issue being broad enough to allow Chamberlain to claim independently of that fact—the plea was not sustained, and there was no error in the charge to that effect.

As to the counsel for the defendant, on the trial below, being entitled to open and conclude the investigation and argument of the cause, in consequence of having the affirmative of the issue as presented by the plea : We do not regard that question as an open one in this court. Under our practice, the plaintiff is entitled to the opening and conclusion in every case, unless he waives the right to open.—Worsham v. Goar, 4 Port. 441 ; Grady v. Hammond, 21 Ala. 427.

Judgment affirmed.