PENNSYLVANIA RAILROAD COMPANY v. SAMUEL AYRES..

> The owner of a tract of land mapped the same with delineations of build-
> ing lots and streets, in the centre of one of which streets was marked
> off a strip and designated as a railroad track.   Conveyances were then
> made of abutting lots.   *Held*, per Beasley, Chief Justice, that such.
> railroad track was no part of the dedicated street, and that, conse-
> quently, the title of such abutting owners did not extend beyond the
> center of the highway between such railroad track and the line of their
> lots where the same abutted on the street.

---

This was an action of ejectment.to recover possession of part
of Broad street, in the city of Rahway, in front of the prop-
erty of the defendant in error.   The case was tried at the Oc-
tober Term, 1883, by the Union Circuit Court, before Justice
Van Syckel, without a jury, and, upon the facts then appear-
ing, the finding was for the defendant below.   A rule to show
cause was allowed and made absolute by the Supreme Court.
The opinion is reported in 19 *Vroom* 44.

The case was again tried before Justice Van Syckel at the
Union Circuit, October Term, 1886, without a jury, when the
following opinion was filed with the finding :

The case was tried, by consent of parties, before the court without a jury.

The evidence shows that in 1835, L. B. Brown, then owning a tract of land in the city of Rahway, laid it out in two hundred and ninety-one lots, and made a map showing the lot numbers, streets, &c. The map was filed in the office of the county clerk November 4th, 1835.

One of the streets was designated on the map as Railroad avenue, one hundred feet wide. In the center of this street there were lines indicating railroad tracks, and the words "Railroad Depot."

Prior to the filing of this map, the New Jersey Railroad and Transportation Company had constructed their railroad to a point near the easterly line of Brown's tract, and the said company entered upon said Railroad avenue on said Brown's tract in the prosecution of their work of extending said railroad westward before Brown made any conveyance of lots involved in this controversy.

By deed dated May 30th, 1837, and recorded March 10th, 1838, Brown conveyed to said railroad company a strip of land through said Railroad avenue, sixteen and a half feet in width on each side of the center line thereof, with covenants of warranty of title.

The defendants have succeeded to the rights of the New Jersey Railroad and Transportation Company in said lands. Brown, by deed dated August 5th, 1836, conveyed lot 91 on said map to S. C. Mott, and by deed dated June 12th, 1850, he conveyed lots 93 and 95 to Ezra Ayres. The title to these lots, which adjoin each other and front upon said Railroad avenue, is now in the plaintiff. The railroad company continued to occupy said strip of land, thirty feet in width, until 1876, during which year the plaintiff claims the company, for the first time, went outside of said strip of land and occupied an additional portion of said street by its railroad tracks.

For such additional portion of said street so occupied in front of plaintiff's lots numbers 91, 93 and 95, this ejectment is brought.

The additional strip or portion so occupied by the defendant is not, however, more than one-half of that portion of the highway lying between the thirty-three feet strip conveyed as aforesaid to the railroad company and the exterior line of the street.

Before lots 93 and 95 were conveyed to plaintiff's grantor, Brown had conveyed the thirty-three feet strip to the railroad company, and said company had constructed their railroad and railroad station upon it.

As appears by the written agreement of counsel of the respective parties, the printed book and exhibit used in the argument of the rule to show cause in this case, are made part of this case.

In accordance with the opinion of the Supreme Court, I find the defendant guilty as to the aforesaid additional portion of said street in front of plaintiff's lots 91, 93 and 95, particularly described in the plaintiff's declaration.

A writ of error was taken to this court. The court being equally divided the, judgment below was affirmed.

For the plaintiff in error, *E. T. Green* and *B. Gummere.*

For the defendant in error, *Vail & Ward.*

BEASLEY, CHIEF JUSTICE.    This is an action of ejectment for a small strip of land lying next to the railroad, in the city of Rahway, in a street called Railroad avenue.

The facts are these: In the year 1835, the New Jersey Railroad and Transportation Company had constructed its road from Jersey City westwardly through Elizabeth to the boundary line of a large tract of land belonging to one Brown, lying on the westerly side of Rahway. Just before this Mr. Brown had caused this tract of land to be plotted and mapped, and the map to be filed in the office of the county clerk. This map, among other things, shows an avenue, called Railroad avenue, in the centre of which was plotted a double-tracked

railroad, a portion of the same being marked by the words "R. R. Depot." Prior to the sale of any lots by Brown, the railroad company, that by its charter was empowered to acquire the lands necessary for its construction in fee simple, had begun the extension of its road from the easterly boundary of Brown's land towards New Brunswick, and over this land and along the route marked on the map, as just mentioned, as railroad tracks. Several months after the completion of the railroad over this tract, Brown made sale of a lot, marked No. 91 on the map. It is described in the conveyance as being " situate on the easterly side of Railroad avenue."

Then followed a conveyance from Brown to the company of the railroad track in fee, and after. that he conveyed two other lots, marked 93 and 95 on the map, to the father of the plaintiff. These three lots, 91, 93 and 95, are now the property of the plaintiff. It is not denied that the railroad company has widened its tracks and taken into possession more land than was conveyed to it, and it is to recover possession of this parcel of land that this action was brought.

The claim of the plaintiff is, that as his conveyance bounds his lot on the westerly side of Railroad avenue, he thereby acquired title to the street to its centre line. To support this contention, the case of *Salter* v. *Jonas*, 10 *Vroom* 469, was cited.

The rule of law thus appealed to is not in dispute ; it is a matter of fact that calls for settlement.

This Railroad avenue was marked on the map as one hundred feet wide, the railroad track, of about thirty-three feet in width, passing through its centre, with an open roadway on each side of it. The question is, did Brown, when he filed this map and made these conveyances, thereby dedicate the entire hundred feet to the public, or only the roadways separated by the railroad track ? If the entire land, including the railroad track, was thus given, then the plaintiff, owning to the center line of such land, is entitled to judgment ; but if only the roadways were given, his action must fail, as his title, in such event, extends only to the center line of the roadway on which

his lot abuts, and therefore will not take in the premises in dispute. The judgment of the Supreme Court was in favor of the plaintiff, and to that judgment I cannot agree.

The case presents a question of dedication, and consequently the inquiry is, what did Brown intend to do? There is nothing before us but the map referred to, and the fact that the railroad was building at the time of its filing, that sheds any light on the subject; and from these *data* alone the Supreme Court found, as a matter of law, that the legal effect of such a dedication was to vest in the public, as a street, the entire strip of land of one hundred feet in width.

For my part, from the facts stated, I am constrained to draw the opposite conclusion. When Brown, upon his map, designated in the centre of his proposed street a railroad track, of a definite width, he, in effect, according to my apprehension, declared that such designated portion he did not mean to devote to the public use. What he did do, undeniably, was to indicate that this center portion of the tract was to be used as a railroad for the passage of trains of cars drawn by locomotives, which was a use inconsistent with its use as an ordinary highway. It does not seem to me to be at all reasonable to say that this donor meant to notify the public that the railroad track might be enjoyed by them as a passageway for themselves and their vehicles. The statute of the state makes it semi-penal for any one to walk or stand upon a railroad track. Can it be said that Mr. Brown had the purpose of bestowing on the community this dangerous privilege? The fact is, it is safe to say, that a railroad track, both from its mode of construction and its use, never has been, and never will be, a practicable highway for the passage of man or beast. The consequence is, that, as I think, when Mr. Brown signified in his map that he intended to devote this portion of the tract in question to railroad purposes, he not only failed to indicate an intent to give it to the public as part of a street, but, to the contrary, he made proclamation that such was not his intent.

What he did dedicate to the public use was the roadways on each side of the railroad track, and, therefore, by his convey-

ance, the plaintiff's title went to the middle line of such roadway, and did not embrace the premises in dispute.

In my opinion the judgment should be reversed.

*For affirmance.*—DIXON, MAGIE, REED, CLEMENT, COLE, McGREGOR.　6.

*For reversal.*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, SCUDDER, BROWN, PATERSON.　6.