# Alabama Central Railroad Comyany v. Musgrove.

## Condemnation Proceedings.

(Decided Nov. 24, 1910.   53 South. 1009.)

1. *Eminent Domain; Condemnation; Right to Open and Close Case.*—In condemnation proceedings the petitioner has the right to open and close the case in the probate court, and the same right in the circuit court on appeal by the landowner, and a refusal of such right in the circuit court on appeal by the landowner, constitutes reversible error.

2. *Same; Just Compensation.*—In condemnation proceedings just compensation includes not only the value of the land taken but any injury to the remaining part of the tract.

3. *Same; Damages; Evidence.*—As an element in assessing damages for the taking of land under condemnation proceedings, the adaptability of the land taken for a special purpose, affecting its value, must be taken into consideration, although this is not intended to include possible or imaginary uses of the land constituting merely speculative claims; hence, in such a proceeding, evidence that the property sought to be condemned, and the land contiguous to it belonging to a landowner is valuable as residence property is admissible.

4. *Same; Damage to Remaining Land.*—The rule that where land is condemned, the damage to other lands of the landowner from the taking must be limited to the tract, a portion of which is taken, does not prevent recovery of damages to the entire tract, where the

owner merely plats it on paper into lots and blocks, and such rule does not limit the damage to the single block in which the land is taken.

5. *Same.*—Where the owner has platted on paper by lots and blocks a tract of land, but the whole tract is made the unit basis as to the injury or damage for condemnation of a part of it as a right of way, the tract should continue the unit basis in the estimation of values, and should not be subdivided into numerous units, for the purpose of fixing values; hence, it was error to allow consideration of the lots as units, and proof of the value of the lots by the front foot; the proof should go no further than the value of the land actually taken and the diminution in value of the tract as a tract, by the establishment of a right of way thereon.

6. *Same; Damages.*—Where land is condemned for a right of way the proper way to arrive at the diminution in value of the remaining lands, is the difference in their market value just before and just after the taking.

7. *Evidence; Conclusion.*—A question which calls for information as to several blocks in a platted survey untouched by the right of way sought to be condemned and which sought the opinion of the witness as to whether such property was damaged by the construction of the right of way, and the operation of a railroad thereon sought the opinion and the conclusion of the witness, and was objectionable.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Proceedings by Alabama Central Railway Company against E. C. Musgrove to condemn a certain right of way. From an assessment of damages in the probate court the respondent appealed to the circuit court, and from the judgment rendered in the circuit court the petitioner appeals. Reversed and remanded.

BANKHEAD & BANKHEAD, for appellant. In condemnation proceedings the petitioner has the right to open and close the case, both in the investigation and the argument.—*Mont. So. Ry. Co. v. Sayre,* 72 Ala. 443; 15 Cyc. 865 and authorities cited. It was error to refuse evidence showing benefits derived from the building of the railway.—*Town of Eutaw v. Botnick,* 43 So. 741. As the property was vacant and had been plotted into blocks and lots, it cannot be said that an entire block was used as a single tract, and the court committed er-

ror in allowing proof of and recovery for damages to blocks not touched by the right of way.—10 A. & E. Enc. of Law, 1164-8; 35 Minn. 439; 42 Minn. 340; 6 Ind. App. 56; 78 Ill. 530; 154 Ill. 620; 158 Mass. 185. Having made deeds in recognition of the survey, the existence of the streets and avenues involved was recognized.—*Sherrer v. City of Jasper*, 93 Ala. 530. The trespass cannot be considered in the measure of damages in condemnation proceedings.—15 Cyc. 728. The burden is on the respondent to show that the lots and blocks were a part of the single tract taken.—35 Minn. 439. As to the measure of damages, see *Hooper v. S. & N. R. R. Co.*, 69 Ala. 529; *Jones v. N. O. & S. R. R. Co.*, 70 Ala. 227; *Town of Eutaw v. Botnick, supra.* Counsel discuss other assignments of error, but without citation of authority.

ERNEST LACEY, for appellee. The landowner had the right to open and close the case.—102 Ind. 133; 40 N. E. 34; 17 Minn. 188; 17 Neb. 433; 34 N. J. L. 474; Blackstone's Com., sec. 366; 1 Greenl., sec. 74. In any event, it was a matter within the discretion of the trial court.—4 A. & E. Enc. of Law, 450. It was competent to introduce evidence showing the character of the property, its adaptability to special uses, and its value as such.—*Long D. T. & T. Co. v. Schmidt*, 47 So. 731; 10 A. & E. Enc. of Law. 1161; 15 Cyc. 724-5-6-7. The inquiry should embrace all injuries which will be caused to the entire body of land, notwithstanding it has been surveyed and platted on · paper.—*Enterprise L. Co. v. Porter & Newton*, 46 So. 773; Sec. 235, Const. 1901; 15 Cyc. 729-730; 10 A. & E. Enc. of Law, 1165-9. As to the measure of damages, see *Town of Eutaw v. Botnick*, 43 So. 739; 10 A. & E. Enc. of Law, 1167. The court did not err in declining to permit the question to the wit-

[Alabama Central Railroad Company v. Musgrove.]

ness Musgrove.—15 Cyc. 719. Bias or illfeeling may be shown to affect the credibility of a witness.—*Berger v. The State*, 3 So. 319. Counsel discuss other assignments of error not necessary to be here set out.

DOWDELL, C. J.—This is a proceeding to condemn a. right of way for a railroad. It was instituted in the probate court of Walker county, and from the judgment assessing the landowner's damages in that court she appealed to the circuit court of that county. Thence the cause came here by appeal taken by the railroad company.

There are numerous assignments of error, and many of them relate to the same questions raised for consideration, and are grouped in brief and argument by counsel. We therefore deem it unnecessary to treat them seriatim; and, since the judgment must be reversed, we will consider only such questions as are vital and material, and likely to arise upon another trial.

The first question presented for consideration is: Which of the parties, plaintiff or defendant, was entitled to the opening and conclusion in the trial of the cause in the circuit court? That court, over the objection of the railroad (petitioner), allowed the landowner to open and conclude. In this ruling the court committed reversible error. It has been decided by this court that the party instituting the proceeding should be allowed the opening and conclusion—*Montgomery So. Ry. Co. v. Sayre*, 72 Ala. 443. This case is recognized by the appellee; but her counsel insist that the denial of the right to appellant deprived it of no constitutional, statutory, or common-law right. Whatever may be the rule in this respect in other jurisdictions as to the right in question judgments have been reversed for the refusal of the trial court to allow it, and we cannot avoid a re-

versal here without disregarding our precedents. They have stood many years as the law of the land, no cognent reason has been assigned for our departing from them, and we decline to do so.—*Grady's Adm'r v. Hammond*, 21 Ala. 427; *Chamberlain v. Gaillard*, 26 Ala. 504; *Pearsall v. McCartney*, 28 Ala. 110; *Montgomery So. Ry. Co. v. Sayre, supra*, also, *Alloway v. City of Nashville*, 88 Tenn. 510, 13 S. W. 123, 8 L. R. A. 123. Moreover, the rule as we have stated it seems to have been recognized as the settled law of the state by the special session of the Legislature lately held, as a statute was enacted changing the rule, so that in the future the landowner will be accorded the opening and conclusion.—*Acts 1909, p. 250.*

In respect to damages which should be awarded in this character of proceedings, "just compensation" is the prime question of consideration, the one to be always held in view.—*Commonwealth, etc., v. Street*, 116 Ala. 28, 22 South. 629; *Hooper v. S. M. R. R. Co.*, 69 Ala. 529. According to this rule, not only the value of the land actually taken should be estimated, but injury, if any, to the remaining parts.—*M., J. & K. C. Co. v. Riley*, 119 Ala. 260, 24 South. 538; *Jones v. N. O. & S. R. R. Co.*, 70 Ala. 227. Then, too, the adaptability of the property taken and injured, for a special purpose affecting its value, is an element for the consideration of the jury in assessing the damages for the taking. As was aptly said by the Mississippi court in the case of *Louisville, etc., R. R. Co. v. Ryan*, 64 Miss. 399, 8 South. 173: "If the land has a peculiar value for certain determinate purposes, even though it is not then used for any of such purposes, and no one intends at the time to so use it, its adaptability to such purposes, or any of them, forms an element to which the owner is entitled for its taking." This does not include possible or imag-

[Alabama Central Railroad Company v. Musgrove.]

inary uses of the property, which are mere speculative claims, and are excluded in estimating damages; but such evidence is competent merely for the purpose of showing the market value of the land.—*Laflin v. Chicago, etc., Co.* (C. C.) 33 Fed. 415; *Harris v. Schuylkill, etc., R. R. Co.,* 141 Pa. 242, 21 Atl. 590, 23 Am. St. Rep. 278; *Warden v. Philadelphia,* 167 Pa. 523, 31 Atl. 298; 15 Cyc. 724-726; *M. & O. R. R. Co. v. Postal Tel. Co.,* 120 Ala. 36, 24 South. 408; *McKinney v. Nashville,* 102 Tenn. 131, 52 S. W. 781, 73 Am. St. Rep. 859. In this particular instance, it appears that the property was platted by the owner for residence property, and it is located in the residence part of the city of Jasper. It follows, therefore, from the above considerations, that the court did not err in permitting the landowner to prove that the property sought to be condemned, and that contiguous to it, belonging to the landowner, was valuable as residence property. Nor was the question as to the value of the property objectionable in form.

The propriety of the rule that just compensation, which the landowner is entitled to receive for his land and damages thereto, must be limited to the tract a portion of which was taken, is apparent. It is solely by his ownership of the tract of land that he is entitled to incidental damages. His ownership of other lands is without legal significance. "Within the tract thus owned his rights are twofold: (1) He is entitled to be paid the value of the land included in the petition of the condemning agent; and (2) he is entitled to an award of such damages as result to the residue of his tract. In the application of this rule no practical difficulty can arise, where the tract is bounded by the lands of others. The difficulty, in so far as it has arisen hitherto, is in those cases in which the owner of several blocks of land, separated by each other by public highways, has claim-

ed compensation for lands taken in one block, and also for incidental damages to his adjacent parcels." In this state an owner may assert absolute continuity of title to abutting lands lying on opposite sides of a public highway.—*Perry v. N. O., M. & C. R. Co.*, 55 Ala. 413, 28 Am. Rep. 740. For the same principle, see *Salter v. Jonas*, 39 N. J. Law, 469, 23 Am. Rep. 229; *Pa. R. R. Co. v. Ayers*, 50 N. J. Law, 660, 14 Atl. 901.

The present case, however, does not call for a decision on this point. The question presented by this record is, not what would be the rule of damages where the owner's tract is actually divided by public highways, but whether the delineation of the supposed subdivisions upon a map shall have the effect of limiting incidental damages to a particular block shown upon such map; for while the proof tends to show the land has been platted into blocks, and the blocks have been subdivided into lots, yet it shows the landowner is in possession of the whole of it, and that it is under one fence, except, perhaps block 187. The owner's residence is upon the ground, and there is nothing constructively in the conduct of the owner to break the previous unity of her title over the entire tract. The fee in the lands marked "streets" upon the map, which would have remained in her, even if an easement had attached, is yet in her, unsubjected to any burden which an invading corporation can set up as the legal limit of the territory over which the rule of resulting damages may extend. To hold that the owner's damages must be limited to a particular block delineated upon the map, unless there could be shown by evidence an actual user contra to that of the owner, would be giving to the mere act of platting the land upon paper an effect in excess of its rightful import. But while this is true, and the damages recoverable extend, not only to the land actually

taken, but incidentally to the entire tract delineated on
the map as blocks, the court on the trial should have re-
garded the tract as the unit for valuation, and commit-
ted reversible error in allowing consideration of the lots
as units, and especially did it err in allowing proof of
value of the separate lots by the front foot. The proof
should have gone no further than the value of the land
actually taken, and the diminution in value of the re-
mainder of the block caused by the establishing of the
right of way. There can be no question that block 187
—that is, all of it owned by Mrs. Musgrove—was touch-
ed in all its parts with respect to lots, except as to two of
the lots; but, according to the principles laid down, the
trial court properly allowed proof, not only as to the
parts of that block appropriated for railroad purposes,
but as to diminution in value of the two lots of said
block not touched by the right of way.

According to what has been said and decided above,
it must be held that the special charges requested by the
defendant in regard to the element of damages and the
property to be considered in assessing the same are eith-
er misleading or bad in substance, and were properly re-
fused. According to what has been said above, special
charges designated C and G, requested by the petition-
er, should have been given. The remaining special
charges refused to the petitioner were either of a mis-
leading tendency or bad in substance, and consequently
properly refused. It may be that some of the special
charges, designated by letters A, B, C, etc., and found
on pages 69 and 70 of the transcript, given at the in-
stance of the defendant, were misleading and might
have been refused for that reason, yet the giving of them
would not constitute reversible error.

We think what has been already said will prove a suf-
ficient guide upon another trial as to proper instructions

to be given the jury. It should be borne in mind that in determining values the proper standard is the market value just before and after the taking of the land in question.—*Town of Eutaw v. Botnick*, 150 Ala. 429, 43 South. 739-741. And when the tract is made the unit basis as to the injury or damage, the tract should continue the unit of value, and not be subdivided into numerous units for the purpose of fixing values.

The court erred in allowing the witness B. Musgrove, over the objection of the defendant that the question asked called for a conclusion, to be asked the question, "Is the property on the lots above described damaged by the construction and operation of the railroad along there on the west side of it over this right of way?" This question was asked in reference to several blocks in the platted survey introduced in evidence and untouched by the right of way sought to be condemned, and, of course, could only refer to the consequential damages in the taking of other and different lots. While, under the principles above laid down, the question is not likely to arise on another trial, still it is not improper to state that this question, under the circumstances, clearly called for an opinion and conclusion of the witness. *Hames v. Brownlee*, 63 Ala. 277; *Bragan v. Ry., L. & P. Co.*, 163 Ala. 93, 51 South. 30.

It results from what has been said, and from the errors pointed out, that the judgment of the court must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, SAYRE, and EVANS, JJ., concur. The above opinion was prepared in part by former Associate Justice DENSON.