# State of Alabama, for use of Montgomery County *v.* Southern Cotton Oil Co.

*Action to Recover Escaped Taxes.*

1. *When appeal lies in matters of assessing escaped taxes.*—Sections 3978-3979 of the Code deal with escapes of all subjects of taxation whatever may be their character, and from judgments rendered under them appeal will lie to the circuit court.
2. Common law certiorari will not lie when right of appeal is given.

[State of Alabama, for use Montgomery Co. v. Southern Cotton Oil Company.]

APPEAL from Montgomery Circuit Court.

Tried before Hon. J. C. RICHARDSON.

Petition for common law writ of certiorari by the Southern Cotton Oil Company to have declared void a judgment rendered against it by the Board of Revenue of. Montgomery county in the matter of the assessment of escaped privilege taxes. The facts sufficiently appear in the opinion.

JOHN G. FINLEY, for appellant.

THOS. G. & CHAS. P. JONES, contra.

HARALSON, J.—Common law certiorari to revise proceedings of the Board of Revenue of Montgomery county, in the matter of the assessment of escaped privilege taxes, for error apparent on the record.

This case relates to assessments for the years 1892-1897, both inclusive, which as alleged, had escaped in those years. The assessment for these escapes was made by the tax assessor of Montgomery county, which, according to the contention of the State, the petitioner was bound to pay under supdivision 5 of section 454 of the Code of 1886.

Sections 3978 and 3979 of the Code, embodying sections 14 and 15 of the act of the general assembly of 1896-7, to amend the revenue laws of the State (Acts 1896-7, p. 1489), relate to the duties of the commissioners' court in reference to assessments and the correction of errors thereon. By the first of these sections, the judge of probate, to whom the assessor has returned his book of assesments, which include assessements of every character, is required to deliver this book to the court of county commissioners, who are required to proceed to examine the same. The next section requires the court to sit, on the first Monday in July for the purpose of hearing and passing on objections made to the assessments. It provides, "If the tax-payer appears in person or by attorney, or has had five days' notice, the court shall raise or reduce the valuation of any *property* or *subject* of taxation, and fix it at the sum the evidence shows to be the

fair market value thereof, and shall add such items of taxation and fix the value thereof, as may have escaped assessment." It is provided, that "from the judgment of the court either party may appeal to the next term of the circuit court, when the cause shall be tried *de novo* etc." The contention of the appellee is, that under this section of the Code, it had no right of appeal in this case; that the appeal, by the terms of the statute, does not include assessments of the character involved here. But, after careful consideration of the statute, we think it involves no violation of the proper rules of construction to hold, that it deals with escapes of all subjects of taxation, whatever may be their character, and that the petitioner, the appellee, had a right of appeal to the circuit court under said last named section, from the judgment of the Board of Revenue in the matter here involved.

We must hold, therefore, that right of appeal was given in the case, under the statute, to the petitioner, which excluded its right to the writ of common law *certiorari*, for it is a familiar principle that this writ can only be invoked where there is a legal right and no other legal remedy exists.—*Independent P. Co. v. A. P. Asso.,* 102 Ala. 475; 15 South. 947; *M. & C. R. Co. v. Brannon,* 96 Ala. 461, 464; 11 South. 468.

It follows, the writ of *certiorari* should have been quashed by the lower court on the motion of the State. A judgment will be here rendered, reversing the cause and quashing the writ.

Reversed and rendered.