JOHN H. POILLON v. THE MAYOR AND COUNCIL OF THE BOROUGH OF RUTHERFORD.

Argued June 5, 1900—Decided November 12, 1900.

It must appear affirmatively that the statutory notice of hearing was given to the landowner assessed for benefits in the opening of a street, and also that the assessment made against him is not in excess of the benefits conferred upon his lands.

On *certiorari* to review assessment.

Before Justice VAN SYCKEL.

For the prosecutor, *Addison Ely.*

For the defendant, *John M. Bell.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This *certiorari* was sued out to test the validity of an assessment against lands of the prosecutor for benefits in the opening of Mountain way.

The assessment was made under the provisions of the Borough act of 1897. *Pamph. L., p.* 285.

Section 58 of that act provides that the commissioners of assessment shall make their report to the borough council, and that thereupon two weeks' notice shall be given to persons assessed, the notice to be served personally on residents, and by mailing a copy to non-residents and by posting the same upon some part of their lands.

The prosecutor is a non-resident, and it does not appear that the notice was posted on his lands as required by the statute.

The borough clerk testifies that he deputized someone to post the notice, and he cannot, therefore, say that it was done.

The time appointed for hearing before the council was April 4th, 1899. On the notice (*Exhibit No. 2* in the case)

there is an endorsement, signed by the borough clerk, that it was served on the prosecutor on the 24th of March. This, if accepted as evidence in the·case, will not support the assessment, as it shows a service of only eleven days before the hearing.

Section 33 of said act provides that an assessment may be made to the extent of the benefits received, and section 58 provides that the commissioners shall make a just and equitable assessment of the damages or benefits with due regard to the rights and interests of all persons concerned, as well as to the value of the lands and real estate taken, damaged or benefited.

These two sections provide a constitutional mode of making the assessment, but the report of the commissioners is fatally defective in failing to certify that the assessment against the prosecutor is not in excess of the benefits conferred upon his lands.

The assessment must therefore be set aside.

Application may be made for a re-assessment, under the direction of the court, in pursuance of the act of 1881 (*p.* 194). *Gen. Stat., p.* 3404.