# City of Decatur *v.* Brock.

*Certiorari.*

(Decided Nov. 17, 1910. Rehearing denied Jan. 12, 1911.
54 South. 209.)

1. *Municipal Corporations; Improvements; Assessments.*—The provisions of section 223, Constitution 1901, and section 9, Acts 1907, p. 300, do not require assessments for public improvement to be based solely on the amount of the increased value of the land, nor prevent an assessment on the whole land ad valorem, or by measurement, but simply restricts the amount of the assessment to the value of the improvement of the property.

2. *Same; Review.*—Under the provision of section 12, Acts 1907, p. 304, when the municipality has shown an assessment regular in all respects, it becomes incumbent on the owner of the land to show that it was excessive.

3. *Same.*—Under Acts 1907, p. 305, where the ordinance authorizing the improvement provided that the amount to be assessed should not exceed the value of the special benefit derived by virtue of the improvement, the failure of the assessment to recite that it did not exceed the value of the benefit, did not render the assessment void, since on a review of the assessment the ordinance could be looked to in connection with the assessment.

4. *Same; Notice.*—Under Acts 1907, p. 295, a notice which recites that the assessment roll had been completed and is now open for inspection in the office of the city clerk, is a substantial compliance with the requirements of notice in said act, although it does not recite that the roll or list had been delivered to the clerk.

5. *Constitutional Law; Due Process; Notice.*—The provisions of Acts 1907, p. 295, give the owner the right to appeal and be heard before the assessment is made final against his property, and hence, is not a taking of or charge on the property without due process of law, although the act authorizes a judgment in rem for such an assessment.

6. *Certiorari; Nature and Ground.*—A common law certiorari will be awarded only to review matters of record, and then only where there is no remedy by appeal.

7. *Same; Review of Assessment for Public Improvement.*—Section 12, Acts 1907, p. 304, gives the right of appeal in matters of assessment for public improvement, and hence, questions relating to clauses of a paving contract, and the extension of time for the completion of the work cannot be reviewed by common law certiorari; they cannot be reviewed for the further reason that they are not matters of record or question of jurisdiction.

8. *Same.*—If an assessment is void, certiorari is the proper remedy to review the record, and quash or vacate the order, judgment or decree, notwithstanding section 12, Acts 1907, p. 304.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Certiorari on behalf of John L. Brock directed to the city of Decatur to review the action of said city in making street improvements and assessments therefor. The trial court granted the writ and on the hearing quashed the proceedings, and the city brings this appeal. Reversed and rendered.

CALLAHAN & HARRIS, and W. B. C. PILCHER, for appellant. The act is not unconstitutional as a deprivation of property without due process of law.—7 Page & Jones, 141; 2 Page & Jones, 747; 76 Am. St. Rep. 457; 80 Pac. 116; 191 U. S. 321; 184 U. S. 115; 184 U. S. 61; 183 U. S. 307; 167 U. S. 590; 80 Pac. 125. The notice was sufficient.—*Davis v. McCary*, 100 Ala. 454; 2 Page & Jones, 1291, and 1554; 89 N. Y. 548. The description of the property was sufficient and Brock

[City of Decatur v. Brock.]

was designated as the owner.—*Grant v. Draper,* 108 Ala. 213; *Bernstein v. Humes,* 78 Ala. 139. The location was sufficiently definite, as it appears from the petition and writ taken together, that the improvement was within the limits of the city.—6 Cyc. 817. Counsel review the authorities on the question of the proper construction of the paving contract and extension of the time, and conclude that section 11 of the Act, its curative clause, puts it out of the power of the owners to raise that question in this proceeding.—*City of Woodlawn v. Dunham,* 50 So. 356; 80 Pac. 81; 135 Cal. 188; 80 Pac. 143; 46 N. W. 773, and authorities supra. Counsel also insist that certiorari was not the proper remedy, and that the court erred in granting the writ.— *A. G. S. R. R. Co. v. Christian,* 82 Ala. 309; *Glaze v. Martin,* 56 Ala. 387; *Faust v. Huntsville,* 83 Ala. 281. Section 12 of the Act gives the right of appeal, and hence, common law certiorari will not lie.—127 U. S. 371; 68 U. S. 587; *Ex parte Dickens,* 50 So. 220; *Winkler B. Co. v. Courson,* 49 So. 841. The council had jurisdiction of the subject-matter and the ordinances and orders passed relative thereto were sufficient.— Acts 1907, p. 295; 2 Page & Jones, 918, 933-4. On the general doctrine that consent obviating any further objections on the part of the property owner, counsel cite *McNeal v. The State,* 71 Ala. 70; *Wright v. Davidson,* 181 U. S. 377; 46 N. W. 722; 55 Pac. 434; *Woodruff v. Stewart,* 63 Ala. 211, and cases therein cited.

E. W. GODBEY, for appellee. The statute is unconstitutional because only a solitary publication of notice is required.—Elliott on Road & Streets, Sec. 199; 31 L. R. A. 213; 10 A. & E. Ann. Cases, 702; 83 S. W. 1062; 149 U. S. 42; 5 Am. St. Rep. 640; 28 S. W. 856. The statute is unconstitutional because of meagre contents required in the single publication, and does not

require that the owner shall be heard.—*Llondoner v. Denver*, 210 U. S. 385; *Raymond v. Chicago*, 207 U. S. 20. Consent cannot amount to an estoppel in this case. 45 L. R. A. 294; *C. of Ga. Ry. v. Wright*, 207 U. S. 141; 55 L. R. A. 564; 191 U. S. 321. The statute restricts the right of appeal, attempts to abolish the writ of certiorari and invades the function of the judiciary.— Page & Jones, 134; Harris, Certiorari, Sec.; *Calhoun v. Fletcher*, 63 Ala. 584; 57 L. R. A. 767. Counsel discuss the appellant's construction of the statute, and concludes that it is untenable. The record's failure to show benefits avoids the assessment.—*Montgomery v. Foster*, 133 Ala. 587; *Rozelle v. Neptune City*, 68 N. J. 509; 72 Atl. 49; 205 U. S. 134; 82 Ill. 557. The record should certify that the assessment was not in excess of the benefit.—47 Atl. 439; 53 Atl. 231; 69 N. W. 977. The failure to do so affirmatively was fatal. —61 N. W. 1112; 70 Atl. 631. This question is jurisdictional and must appear upon the roll.—37 N. J. L. 381; 31 L. R. A. 213. Consent cannot confer jurisdiction.—*Montgomery v. Foster, supra; Walker v. Ivey*, 74 Ala. 475. Certiorari was the proper remedy.—Harris on Certiorari, Sec. 3; *Independent P. Co. v. Am. P. Assn.*, 102 Ala. 482; *Cobb v. Thompson*, 87 Ala. 384; *Commissioner's Court v. Johnson*, 145 Ala. 553; *Wood v. Torrey*, 6 Wynn. 567; *Beach v. Lavender*, 138 Ala. 406; *In re Nat. L. Co.*, 146 Ala. 603; *Boyett's Case*, 152 Ala. 317; *Burns v. Henry*, 67 Ala. 209. The returns show no assessment.—*Sullivan v. Robinson*, 39 Ala. 616; *Beach v. Lavender, supra*. The notice was totally insufficient, not even the statutory notice being given.—Acts 1907, p. 295; 9 N. E. 897; 62 N. E. 317; 35 N. E. 739; 2 Page & Jones, Sec. 735; *Sayre v. Land Co.*, 73 Ala. 85; 8 Wheat. 681; 6 Wheat. 119; 115 N. W. 682; 61 Mass. 503; 27 Am. Rep. 47; 92 Ill. 119; 32

Cyc. 428; *Hawkins v. L. & N.,* 40 So. 296. Counsel discusses the contract and insists that the extension of time avoids the contract, but in view of the opinion, it is not deemed necessary to set out the authorities.

ANDERSON, J.—Section 223 of the Constitution of 1901 says: "No city, town, or other municipality shall make any assessment for the cost of sidewalks or street paving, or for the cost of the construction of any sewers against property abutting on such street or sidewalk so paved, or drained by such sewers, in excess of the increased value of such property by reason of the special benefits derived from such improvements." Section 9, Act 1907, p. 300, providing for the power and authority to assess cost of street improvements, says "that in no case shall the assessment against any lot or parcel of land be greater than the increased value of such lot or parcel of land by reason of the special benefits to be derived from such improvement." It may be, and doubtless is true, that the assessment is not to be based solely and entirely upon the increased value of the improvement of the lot or parcel, but can be made on it in its entirety upon a measurement or general valuation basis, and the value of the improvement is a limitation or restriction on the amount of the assessment. —*City of Montgomery v. Birdsong,* 126 Ala. 651, 28 South. 532; *Norwood v. Baker,* 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. The restriction placed by the Supreme Court of the United States upon the amount of the assessment, and with which our Constitution (section 223) was intended to harmonize, was that it should not exceed the value of the improvement to the lot or parcel. In other words, the tax against the owner should be no greater than the benefits derived by him because of said extension or improvement. The Consti-

tution or statutes does not limit or restrict the assessment solely upon the amount of the increased value of the lot or prevent an assessment on the whole lot ad valorem or by measurement, but simply restricts it so that it cannot exceed the value of the improvement of the property. The act gave the mayor and councilmen authority to levy and assess the tax and the ordinances passed by them. Section 2 to ordinances 16 and 17 provide that the amount to be assessed should not exceed the value of the special benefits derived by virtue of the said improvements. The act gave the municipal authorities jurisdiction to levy the tax and make the assessment, and the adoption of the ordinances in compliance with the act was the exercise of the jurisdiction, and whether the assessment should or should not respond to the ordinance and set out the value of the benefits or that the assessment did not exceed the benefit we need not decide, as this omission did not render the assessment void. It was authorized by the ordinance which limited it so as not to exceed the value of the benefits derived, and we can presume that the ordinances which should be considered with the assessment were complied with. Indeed, the statute presumes the correctness of the assessment upon appeal (section 12 of the act), and one of the main things to be determined on the appeal is whether or not the assessment exceeds the benefits and which we think would be defensive matter. The municipality would show the assessment, and it would be incumbent upon the owner to show that it was excessive. The act gave the jurisdiction and the ordinances showed an exercise of same, and recited the jurisdictional fact, and the failure of the assessment to recite that the levy did not exceed the value of the benefits did not render the same void, as the ordinances, which showed the acquirement of juris-

diction of the rem, could be looked to in connection with the assessment.

This conclusion is not in conflict with the holding in the case of *City of Montgomery v. Foster,* 133 Ala. 587, 32 South. 610. In that case neither the ordinance nor the assessment showed that the levy must not exceed the value of the benefits, and the court pronounced the assessment void. The opinion discusses the ordinance, and, in effect, pronounces the proceedings (the ordinance) as a mere nullity. It does not hold that this recital should appear in the assessment, and we think that the assessment would not have been held void if based on a valid ordinance. We are cited to many authorities by counsel for appellee which hold that the assessments therein considered were void, but they are based on statutes or constitutions unlike ours. They provided that the assessments be only upon the amount of benefits or be proportioned as per benefits derived from the improvements, while ours is not based upon the benefits, but is authorized against the lot or parcel, with the restriction that the assessment cannot exceed the value of the benefits derived. Moreover, in some of them this material fact was not disclosed either in the assessment or the ordinance directing or authorizing same.

In the case of *Crawford v. Pope,* 82 Ill. 557, it was held that: "Where an ordinance of such town, appointing commissioners to assess a certain sum for public improvements upon property to be thereby benefited, recites that the trustees have upon proper examination made by them ascertained and determined that there was real estate in the town benefited to the amount required to be assessed, this is a sufficient finding of the fact, and it is not necessary that the commissioners should ascertain the fact again in making the assess-

ment." The assessment in this case was upheld, not-
withstanding it did not recite that the assessment did
not exceed the benefits, and this case supports, rather
than being opposed, to the conclusion reached in the
case at bar. In the case of *State v. Chamberlin,* 37 N.
J. Law, 388, the assessment was vacated because made
under a law which the court held was invalid. In the
case of *Hayes v. Douglas,* 92 Wis. 429, 65 N. W. 482,
31 L. R. A. 214, 53 Am. St. Rep. 926 (O. C.), the stat-
ute required that the assessment be made in proportion
to the benefits derived, while the assessment affirma-
tively shows that it was made upon another basis, and
the court properly condemned the assessment because
it showed upon its face that it was unauthorized. The
assessement in the present case may have been made up-
on a measurement or value basis and which our law
does not prohibit, but it does not show that it exceeds
the benefits, and the ordinance ordering same expressly
restricts the amount to be within the value of the ben-
efits derived by the owner as a result of the improve-
ments. The case of *State v. Mayor,* 65 N. J. Law, 538,
47 Atl. 439, is very brief, and is not fully reported, and
it does not appear that the necessary recital appeared
in the order or ordinances ordering the assessment. The
case of *Smith v. Omaha,* 49 Neb. 883, 69 N. W. 402, did
not involve the present question, but related to the re-
port of appraisers in awarding damages to a landown-
er. The case of *Allen v. Davenport,* 132 Fed. 209, 65
C. C. A. 641, involved the right of the city to collect the
tax, and not the nature or manner of making the as-
sessment. The city was not legally bound to pay for
the improvements, and the court held that the land-
owner was not therefore liable to the city. It is need-
less to comment upon other authorities, as none of
them are in point opposed to the present holding, and

we would question the soundness of same if they were, as we think the conclusion in the case at bar both sound and salutary.

It is also contended that Act 1907, p. 295, is void because violative of the federal Constitution; that it authorizes a taking or a charge upon property without due process of law; that the owner is deprived of "due process" because he is not given legal notice and a right to be heard. Of course, the property owner is entitled to notice, and it might be to personal notice, if a judgment in personam were to be rendered against him, but the act provides only for a judgment in rem, and requires notice by publication 20 days before the day for the hearing of protests. "The Legislature has a wide discretion in determining the nature and kind of notice to be given, though it has no power to dispense with all notice. If such notice is given as will fairly and reasonably apprise the property owner of the pendency of the assessment proceedings so as to give him an opportunity for a hearing upon the merits, he is not entitled as matter of constitutional right to personal service. Notice by publication may therefore be provided for by the Legislature without violating the constitutional provision forbidding the taking of property without due process of law. Notice by publication in a paper of general circulation has been held sufficient as constituting due process of law."—Jones & Page on Taxation, § 121, and cases cited in note. We also think that section 11 of the act in question gives the owner the right to appeal and be heard before the assessment is made final against his property. It is true the act requires that the notice be given by the clerk, and should recite that the assessment list or roll has been "delivered to him," and is open for inspection in the office of the person authorized to make collection of said assess-

ments and at a time and place therein named, etc. The published notice in question does not recite that the roll or list had been delivered to the clerk, but it does say that it is open for inspection in the office of the clerk, and was a substantial compliance with the law.

A common-law certiorari will be awarded when there is no adequate remedy by appeal and only then to review matters of record.—*Dean v. State,* 63 Ala. 153. The questions urged against certain clauses of the paving contract and the extension of time for the completion of the work are not questions of record or jurisdiction to be reviewed by a common-law certiorari. The statute gives a right of appeal.—Section 12 of the act. And, if it did not, these questions might probably be reviewed by the statutory certiorari; certainly not by common-law certiorari. The appellant contends that the common-law certiorari is not the proper or appropriate remedy for the review of the questions involved in this case. Since we have decided the questions as to the validity of the assessment in favor of the appellant, it could not complain of a failure to decide whether or not said common-law certiorari was the proper remedy; but, in order to determine this question, it has been necessary to consider whether or not the assessment was valid. As a rule common-law certiorari will not lie to bring up or review matters from an inferior to a superior tribunal when such matter is reviewable on appeal.—*State v. Southern Cotton Oil Co.,* 124 Ala. 523, 27 South. 306; *Railroad Co. v. Brannum,* 96 Ala. 461, 11 South. 468. The appeal must be adequate, however, to correct or remedy the wrong or defect.—*Independent Pub. Co. v. American Press,* 102 Ala. 475, 15 South. 947. It is true the statute in question (section 12) gives the property owner the right of appeal, and we may concede that all matters not of jurisdiction

[City of Decatur v. Brock.]

could be reviewed, where there is a valid assessment or order to support the appeal; but, if the assessment complained of is void, there would be nothing to support an appeal, and one taken from a void judgment or order would be dismissed. Therefore, if the order or assessment is void for any reason, it could not support an appeal and the same would have to be dismissed by this court. Of course, in dismissing the appeal, it would be necessary to find and pronounce the order, judgment, or assessment void, but we would have no authority to vacate or quash same upon said appeal and the common-law certiorari would be the proper remedy to review the record and quash or vacate the judgment, order, or decree, if the record showed the same to be void.

The judge of the law and equity court erred in quashing or vacating the assessment, and the judgment is reversed, and one is here rendered denying the certiorari.

Reversed and rendered.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.

## On Rehearing.

PER CURIAM.—All of the concurring justices are of the opinion that the foregoing conclusion is correct, as to all points involved, except as to the sufficiency of the notice; the Chief Justice and Justice Evans being of the opinion that the notice was not sufficient for failing to recite that the assessment roll had been "delivered" to the clerk. This question therefore had to be considered by the court en banc, and Simpson, McClellan, Mayfield, and Sayre, JJ., concur with the writer in the holding that the notice was a substantial compliance with the statute. The notice recites that the assessment roll has been completed, and is now open for inspection in the city clerk's office.