(130 So. 174)

**HOLLEY v. BRUNSON, Mayor, et al.**

4 Div. 616.

Court of Appeals of Alabama.

March 18, 1930.

Rehearing Denied Aug. 16, 1930.

O. S. Lewis, of Dothan, and E. C. Boswell, of Geneva, for appellant.

W. O. Mulkey, of Geneva, for appellees.

RICE, J.

This is an appeal from an order of the Honorable H. A. Pearce, Judge of the circuit court for Geneva county, denying, or refusing to issue the preliminary writ on what purports to be a petition for the common-law writ of certiorari, directed to the town of Samson, Ala., J. C. Brunson, as mayor, and others, seeking to have reviewed and quashed certain proceedings, etc., by the town of Samson, which imposed an assessment lien upon property of petitioner, appellant, for certain paving, street improvements, etc.

■ It will suffice for a disposition of this appeal to state, that, while if it is made to appear from the petition that the proceedings resulting in the assessment made against petitioner's property are void, and that hence, the assessment is void, certiorari does seem to be the proper remedy. City of Decatur v. Brock, 170 Ala. 149, 54 So. 209.

■ But, as the case is argued here, on appeal, it appears that the sole and single ground upon which the assessment referred to is attacked as a void assessment, is that, to quote from appellant's brief: "The Town Council of the Town of Samson awarded the contract (to do the 'paving,' in question, we interpolate) to T. S. Faulk and Company at the same meeting at which the bids were submitted, and the resolution offered, without complying with section 1993 of the Code of 1923, and therefore the awarding of the contract, is void. The petition shows that the Town Council assessed the property of petitioner, arriving at the cost of such improvement and ascertained the same, under the same illegal contract with said T. S. Faulk & Company, and the said assessment as made is illegal and void, and constitutes a cloud on the title of appellant."

A complete answer to the above contention is found in the opinion in the case of Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301, 304, wherein our Supreme Court, speaking of a statutory provision identical with Code 1923, § 1993, said: "Our opinion is that the ordinances and resolutions complained of, constituting steps in a proceeding which reached from the original resolution or ordinance determining that the improvement should be taken to the final ordinance or resolution fixing the assessment and providing for payment for the completed work, are not the ordinances or resolutions contemplated by those sections of the Code relating to the passage, approval, and authentication of ordinances and resolutions of a permanent nature or intended to be of permanent and general operation. The proceeding for the assessment of the cost of a street improvement against the abutting property is administrative and judicial in its character. It is also local and special, and when its end is once accomplished, it is no longer a rule of conduct, but its interest is historical and evidential only. It is then consigned to the limbo of things which have served their purpose."

We conclude, therefore, that, since nothing in said petition, certainly nothing argued here on appeal, indicates that the assessment in question was void, certiorari was not available to petitioner, and the judgment, or order, appealed from is affirmed.

Affirmed.