(130 So. 390)

### TOWN OF TARRANT CITY v. POPE.
### 6 Div. 676.

Supreme Court of Alabama.
Oct. 23, 1930.

Miller, Graham & Wingo, of Birmingham, for appellant.

G. M. Edmonds, of Birmingham, for appellee.

BOULDIN, J.

In making street improvements of permanent character, the cost of which may be assessed against abutting property not exceeding the special benefits accruing to such property, consequential injury, that is to say, injury from such improvements which depreciates the value of the property, is, by force of section 235 of our Constitution 1901, made a demand for which compensation shall be paid under the law of eminent domain.

In fixing a local assessment against abutting property, the ascertainment of the increased value of the property, by reason of the special benefits derived from such improvements under section 235 of the Constitution 1901, involves, as a necessary part of such inquiry, all elements of appreciation or depreciation.

If, on the whole, the value is not increased by the improvements, no assessment can be made. If, on the whole, the property is decreased in value, the property owner has his remedy for such damage.

■ It follows that assessment proceedings, conducted in all respects as provided by our statutes, affording due process of law (including notice, with opportunity to be heard in objection to the making of the proposed improvement, and again on the specific issue heard after the improvements are made, as to whether the value of the property has been thereby increased, and including provision for trial by jury on appeal), are conclusive upon the property owner as to that issue.

In the present action the property owner seeks to recover consequential damages to abutting property from the construction of a large open drainage ditch, some ten feet wide and five feet deep. Depreciation of the value of the property by cutting off ingress and egress thereto, and in causing overflows of surface water during times of heavy rainfall which did not theretofore pass over plaintiff's lands, is the basis of the suit.

■ This ditch was constructed in connection with the improvement of Sloan avenue in Tarrant City, under an improvement ordinance looking to grading and surfacing the Avenue, and installing sidewalks, curbs, and gutters. The ditch, located between the sidewalk and retaining curb on the street side, carries surface water naturally accumulating on the avenue from adjacent territory. Providing drainage is essentially a part of street improvements of this kind, and properly included in the plans and specifications.

If there was bad engineering in making a sharp turn in the ditch or its outlet at such angle as to cause debris to gather at this turn, and so cause overflows on plaintiff's lands, such defect goes to the adequacy of the drainage plan adopted and constructed.

Depreciation of the value of plaintiff's property from this cause, and for want of ingress and egress to his property by failure to provide a bridgeway across the ditch, were elements of damage directly involved in the assessment against his property, limited to the benefits derived from such improvements.

Negligence in maintaining such drainage ditch resulting in it becoming choked and causing overflows would stand on a different footing.

Neither do we mean to extend the rule to personal damages, not involving decreased value of the property. Such issues are not presented here.

It follows that the pleas of res adjudicata or estoppel setting up local assessment proceedings conducted as required by law, and to which the plaintiff interposed no objection at any stage, and resulting in a final assessment against such abutting property present a full defense to the suit, and defendant was due the affirmative charge.

Such is the logical result of the principles declared in numerous cases. Ex parte Gudenrath, 194 Ala. 568, 69 So. 629; City of Huntsville v. Goodenrath, 13 Ala. App. 579, 68 So. 676; Batterton v. City of Birmingham, 218 Ala. 489, 119 So. 13; City of Birmingham v. Evans, ante, p. 389, 129 So. 50; City of Dothan v. Thomley, 220 Ala. 618, 127 So. 193; Harris v. Town of Tarrant City, ante, p. 558, 130 So. 83.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.