(133 So. 278)

## McREA v. MARION COUNTY.

### 6 Div. 827.

Supreme Court of Alabama.

March 19, 1931.

C. E. Mitchell, of Hamilton, and Travis Williams, of Russellville, for appellant.

Kelly V. Fite and J. P. Middleton, both of Hamilton, for appellee.

FOSTER, J.

This is a proceeding by a county to condemn a right of way for highway purposes.

The road through appellant's land theretofore extended near to his improvements. The right of way sought to be condemned results from a change of the location of the highway so as to be some distance from the improvements. On the trial, the circuit court refused to limit the deduction from damages to the adjoining tract to the special benefits which accrued to it by reason of the improved highway, as thus located, and refused to charge the jury at the instance of appellant that the general benefits should not be deducted from such damage.

There is a well-recognized distinction between general and special benefits. The former is that which is enjoyed by the general public of the community, through which the highway passes, whether it touches their property or not. An improved system of highways generally enhances all property which is fairly accessible to it. But that which borders it, or through which it extends, has benefits by reason of that circumstance which are not shared by those which are not so situated. The pertinent inquiry on this appeal is whether both general and special benefits shall be taken into account in fixing the damages to the entire tract, to be paid as a part of the "just compensation" for that which is taken. There was before this relocation of the highway a public road extending through the land and community, and furnishing the same outlet, as that provided by the new one. It was not the circumstance of the creation of a highway to serve that and other lands, but was in the nature of an improvement of such existing highway. In doing so the highway department made a change of route as it extended through appellant's land. In respect to general benefits, this circumstance is only significant in relation to the amount, and not the fact, of their existence. The improvement of an existing highway may, and we say generally does, result in general benefits to the lands accessible to it.

In the case of Bauman v. Ross, 167 U. S. 548, 17 S. Ct. 966, 976, 42 L. Ed. 270, upon this subject the Supreme Court of the United States uses the following expressions:

"The just compensation required by the constitution to be made to the owner is to be measured by the loss caused to him by the appropriation. He is entitled to receive the value of what he has been deprived of, and no more. To award him less would be unjust to him; to award him more would be unjust to the public. Consequently, when part only of a parcel of land is taken for a highway, the value of that part is not the sole measure of the compensation or damages to be paid to the owner; but the incidental injury or benefit to the part not taken is also to be considered. When the part not taken is left in such shape or condition as to be in itself of less value than before, the owner is entitled to additional damages on that account. When, on the other hand, the part which he retains is spe-

cially and directly increased in value by the public improvement, the damages to the whole parcel by the appropriation of part of it are lessened. * * * The constitution of the United States contains no express prohibition against considering benefits in estimating the just compensation to be paid for private property taken for the public use; and, for the reasons and upon the authorities above stated, no such prohibition can be implied; and it is therefore within the authority of congress, in the exercise of the right of eminent domain, to direct that, when part of a parcel of land is appropriated to the public use for a highway in the District of Columbia, the tribunal vested by law with the duty of assessing the compensation or damages due to the owner, whether for the value of the part taken, or for any injury to the rest, shall take into consideration, by way of lessening the whole or either part of the sum due him, any special and direct benefits, capable of present estimate and reasonable computation, caused by the establishment of the highway to the part not taken."

The constitutional right of a state to permit a deduction for general benefits is summarized in McCoy v. Union Elevated R. Co., 247 U. S. 354, p. 366, 38 S. Ct. 504, 508, 62 L. Ed. 1156, as follows:

"And we are unable to say that he suffers deprivation of any fundamental right when a state goes one step further and permits consideration of actual benefits—enhancement in market value—flowing directly from a public work, although all in the neighborhood receive like advantages. In such case the owner really loses nothing which he had before; and it may be said with reason, there has been no real injury."

The opinion also quotes the text of Lewis on Eminent Domain, then closes with the quotation from Bauman v. Ross, supra, which we have copied above.

From the opinion in McCoy v. Union Elevated R. Co., supra, the United States Supreme Court leaves the question to the states, with the assurance that, if the Constitution and laws of the state permit a deduction of general benefits, it will not violate the Fifth and Fourteenth Amendments to the United States Constitution.

Our Constitution uses the words "just compensation," as does the Federal Constitution. Section 7489, Code, as amended, reads as follows (Acts 1927, p. 492):

"*Compensation Not Reduced or Diminished Because of Incidental Benefits.* The amount of compensation to which the owners and other parties interested therein are entitled must not be reduced or diminished because of any incidental benefits which may accrue to them, or to their remaining lands in consequence of the uses to which the lands to be taken, or in which the easement is to be acquired, will be appropriated; Provided that, in the condemnation of lands for ways and rights of ways for public highways, the commissioners may, in fixing the amount of compensation to be awarded the owner for lands taken for this use, take into consideration the value of the enhancement to the remaining lands of such owner that such highway may cause."

Section 7488 makes provision for the assessment of damages and compensation, but does not refer to benefits to the owner as a pertinent inquiry. This has been added by way of construction as properly entering into the ascertainment of damages, but not of compensation, except under the proviso to section 7489 as amended.

We note, therefore, the words "enhancement to the remaining land" and the words "incidental benefits," where they occur in section 7489, relate expressly to compensation and not to damages. In Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739, 740, this court considered the propriety of the question, "What was the market value of the plaintiff's said property immediately after said grading was done?" The opinion referred to the conflicting views among the states on the subject as noted in Lewis on Eminent Domain, § 687 (465), and followed the reasoning in Illinois and other states which allow a deduction of both such benefits. In Alabama Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833, that case is cited as fixing the rule on the subject. The statement is usually made in our cases (and it is observed in practice) that the question above quoted is a proper method of proving an element of the issue. It is said in 2 Nichols on Eminent Domain, p. 776:

"The decisions in the foregoing states which allow the setting off of special benefits only are not as a rule opposed to the setting off of general benefits as unconstitutional; statutes specifically declaring that general benefits shall be considered to have not been enacted and declared invalid by the courts, but the result has been reached by the construction of statutes allowing damages in general terms. As a question of construction, when it does not clearly appear that the legislature has undertaken to stretch its power to the utmost limit and to reduce the compensation that it is required by the constitution to provide to the smallest possible sum, it seems plain that for the reasons already stated general benefits ought not to be considered. And, even as a constitutional question, it may well be argued that it is not 'just compensation' when a man is singled out arbitrarily and deprived of a share in the increased prosperity of his fellow citizens, merely because the public happens to want his land."

The rule of this text is the same as that approved by the following authorities: Free-

man's note in 45 Am. Dec. 532, and cases there cited; Cooley on Const. Lim. (6th Ed.) p. 701; 3 Dillon on Mun. Cor. (5th Ed.) § 1063, p. 1681; 20 C. J. 822.

Dillon says there should be no "deduction for any general benefits common to the public, * * * but unless specially excluded by positive law (there should be deducted) special and peculiar benefits as above defined." Cooley's expression is that "there must be excluded from consideration those benefits which the owner receives only in common with the community at large." This thought is carried in the headnote, though not emphasized in the opinion in Bragan v. Birmingham R. L. & P. Co., 163 Ala. 93, 51 So. 30, and in our case of Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A. L. R. 776, quotations are freely made from authorities which approve this distinction.

Lewis on Eminent Domain, §§ 688 and 690, points out that the majority of the states hold that special benefits only may be set off against damages. Among them are said to be Maryland, Nebraska, Rhode Island, Tennessee, Virginia, West Virginia, and Wisconsin. And to these Nichols on Eminent Domain, at page 775, adds the United States Supreme Court, Connecticut, Delaware, Maine, Massachusetts, Michigan, New Jersey, North Carolina, Pennsylvania, and Vermont. Others are said by the former authority to hold that both general and special benefits may be thus set off. They are New York, Kentucky, Louisiana, Georgia, and Texas. Illinois should be added. McCoy v. Union Elevated R. Co., supra. Alabama is not listed in either class.

We observe in this connection that section 223 of the Constitution of Alabama relating to the improvement of streets in municipalities requires that the abutting property owners shall be chargeable only to the extent of the "special benefits derived from such improvements." This court, in construing that provision, and the statutes using the same language, have made the distinction between special and general benefits substantially as we have stated above. Ex parte Hill, 194 Ala. 559, 69 So. 598; Ex parte Gudenrath, 194 Ala. 568, 69 So. 629; Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448.

It has been several times pointed out that the present language of section 223, Constitution, was the outgrowth of the rule declared in Norwood v. Baker, 172 U. S. 269, 19 S. Ct. 187, 43 L. Ed. 443. See Ex parte Hill, supra. In the Norwood Case, supra, it was held that property abutting a street improvement could not be assessed for more than the "special or peculiar benefits accruing from" the improvement. This language, though held to be the meaning of the Federal Constitution (Fifth Amendment), and then in effect by reason of it,

was incorporated into section 223 of the state Constitution of Alabama. That did not have the effect to change the rule which had already been declared in the Norwood Case, supra, but only to give expression to it. City Council of Montgomery v. Birdsong, 126 Ala. 651, 28 So. 522; Harton v. Town of Avondale, 147 Ala. 458, 41 So. 934; Decatur v. Brock, 170 Ala. 149, 54 So. 209; Ex parte Hill, supra.

So that we have the rather strange situation existing to the effect that, if the street is to be condemned, the damages to adjoining property shall be reduced by all the benefits general and special, but, if the street is to be improved after it is condemned, and its cost assessed to the property owners, the general benefits by reason of the improvement cannot be included in measuring the assessment to the adjoining property owners. In one instance the property owner must pay for the general benefits enjoyed by the public, in the other he need not. Yet we have held that an assessment for improvements is conclusive upon the question of its value to the adjoining property. Town of Tarrant City v. Pope, 221 Ala. 662, 130 So. 390.

This situation has grown up through the years, by the two lines of cases, until now it may be considered as settled, though we see the rather inconsistent conclusion that results, but think it should be left to the Legislature if a change is now to be made.

We now approach the inquiry of whether it is proper to consider, on the subject of damages, the fact that the road as relocated depreciates the tract, on account of the fact that its effect is to place the highway nearly half a mile from the major improvements, where the owner has a valuable residence, store, and gin outfit, all situated on or near the highway as originally located—but not so accessible as relocated. It is stated that "all consequential damages which the owner of the land sustains by means of the construction of the work," except such as are due to be paid by the contractor for negligence, etc., should be included. Cooley on Const. Lim. (6th Ed.) p. 733.

The final inquiry is the difference between the value of the tract before and after the completion of the project. This will include consideration of all those circumstances which depreciate its value as a direct result of the works. Stovall v. Jasper, supra, 218 Ala. page 287, 118 So. 467; Hamrick v. Albertville, supra, 219 Ala. page 473, 122 So. 448. Certainly this is so if it affects the ingress and egress to the useful portions of the property from the highway. Hooper v. Savannah, etc., R. Co., 69 Ala. 529.

We approve as a clear expression of the rule what is stated in 20 Corpus Juris, page 783, in this connection:

2

"While mere inconvenience in carrying on business and mere interruption of business do not of themselves constitute elements of damage for which the owner of land must be compensated, yet it by no means follows that inconvenience in the use of property, whether for business or for other purposes, is never to be considered. On the contrary it may be stated as a general rule that all such matters as, owing to the location of the improvement, may affect the convenient use and future enjoyment of the property are proper for consideration, not as in themselves elements of damage, but as, when weighed with the advantages resulting from the improvement, affecting the market value of the land. Thus where land is taken for a railroad or for a public highway, evidence as to inconvenience, annoyance, and discomfort which will necessarily be caused by the construction and use of such improvement is competent as bearing on the diminished value of the property."

While the county may not be under any duty to the property owner to maintain the highway near his residence, store, or other business enterprise, nor through his property, and may change its location through it, it cannot take any of his property to do so without his consent, or the payment of just compensation and damages as required by the Constitution and law. The amount of such compensation under the amended section 7489 and damage are measured by the effect of the project as a whole upon the value of the entire tract. The circumstance that thereby the improvements and business enterprises are made less accessible to the highway, whereas they were situated upon it before the new work, may, or may not, affect the market value of the entire tract. That is not an element of damage but a circumstance to enter into the question of the effect of the improvement upon the entire tract. The circumstance that thereby traffic no longer goes by or near the location of the store and other improvements on the land need not necessarily depreciate the market value of the six hundred and twenty acres. But the jury should be informed of the circumstance and have the question left to their ultimate decision.

We think the court erred in respect to this proposed evidence, and in his general charge on that subject.

We are requested for the benefit of another trial to review and overrule our cases of Rudder v. Limestone County, 220 Ala. 485, 125 So. 670, 68 A. L. R. 776, and Conecuh County v. Carter, 220 Ala. 668, 126 So. 132, to the extent that they interpret the Code section as amended by the act of 1927, thereby permitting a deduction of benefits from the value of that which is actually taken in the condemnation by a county. This question was twice considered by the whole court, and we now feel that it was correctly settled, and do not wish to disturb the principle there asserted, and have nothing further to add to the discussion.

For the errors which we have pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.