147 So. 452

**JOHNSON v. CITY OF BIRMINGHAM et al.**

**6 Div. 246.**

Court of Appeals of Alabama.

Feb. 28, 1933.

Rehearing Denied March 21, 1933.

[1] 226 Ala. 159.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellant.

. W. J. Wynn, T. A. McFarland, and Nesbit, Sadler & Dunn, all of Birmingham, for appellees.

SAMFORD, Judge.

Plaintiff in the several counts of the complaint seeks to recover damages for each recurring overflow of water onto his land, caused by the negligent maintenance of a certain conduit named in the complaint. The defense set up by the pleas is that of res adjudicata by reason of certain proceedings had before its council body and set up in the pleas. Demurrers to these pleas being overruled, plaintiff declines to plead further, and on account of adverse rulings on the pleadings plaintiff takes a nonsuit.

All of the questions involved in this appeal are presented in the two pleas 6 and 9 of defendant and demurrers thereto.

These pleas and demurrers thereto present the question as to whether or not the assessment proceedings, had prior to the making of the improvement as set out in the two pleas above, were a judicial determination as to the elements of damage claimed by the plaintiff so as to preclude plaintiff from recovery for negligence for the failure to maintain sufficient pipes or conduits to properly conduct surface water in the area in which is located plaintiff's property.

If the assessment proceeding is res adjudicata as to damage incurred by the plaintiff by reason of defendant's negligence in failing to maintain sufficient pipes or conduits to convey the water in the area during ordinary conditions, then the plaintiff must fail. If, on the other hand, the plaintiff could not have litigated the question of future damage for negligent maintenance, in the assessment proceeding, then the court is in error in holding that the plaintiff cannot recover.

The assessment proceeding, set up by defendant in its plea, is based upon section 235 of the Constitution of 1901, which changes the common-law rule, and it follows that assessment proceedings, such as are here set up in the pleas, conducted in all respects as provided by our Statutes, affording due process of law "(including notice, with opportunity to be heard in objection to the making of the proposed improvement, and again on the specific issue heard after the improvements are made, as to whether the value of the property has been thereby increased and including provision for trial by jury on appeal)," are conclusive upon the property owner as to that issue. Town of Tarrant v. Pope, 221 Ala. 662, 130 So. 390, 391.

Embraced within the issues of such assessment proceedings are such consequential damages as arise by reason of the permanent construction of the planned and specific improvement, including bad and faulty engineering. Town of Tarrant v. Pope, supra.

█ But, as we view the decisions, the issues in the assessment proceedings do not include, nor are they broad enough to cover, subsequent damages arising from negligence on the part of defendant either in the construction or maintenance of the projected improvement. In the Pope Case, supra, certain exceptions were made in line with the above, but, as we take it, these were not exclusive. In Harris v. Town of Tarrant the rule is stated as follows: "For an abatable nuisance the cause of action does not arise until the harmful consequences occur, and each occurrence

or recurrence of such damages constitutes a separate cause of action. Alabama Great So. R. R. Co. v. Shahan, 116 Ala. 302, 22 So. 509; Sloss-Sheffield Co. v. Mitchell, 161 Ala. 278, 49 So. 851; Crawford v. Union Cotton Oil Co., 202 Ala. 3, 79 So. 299. But for an injury by a permanent and unabatable condition the damages are estimated on the hypothesis of an indefinite continuance of the nuisance, and thus affecting the permanent value of the property. In such event, one may not recover in successive suits, but his damages are awarded in solido in one action. Sloss-Sheffield Co. v. Mitchell, supra; Crawford v. Union Cotton Oil Co., supra." Harris v. Town of Tarrant, 221 Ala. 558, 130 So. 83, 84.

It seems to us that Anderson, C. J., in City of Birmingham v. Flowers, 224 Ala. 279, 140 So. 353, 354, has drawn the proper distinction, with apt illustration, where he says: "Where the channel of a stream is so obstructed by a permanent dam or fill as to cause a constant overflow upon another's lands, the damages are regarded as original and must be recovered in one action. But where the dam or fill is provided with a culvert sufficient to carry off the water of the stream in its usual volume, and causes only occasionally recurrent overflows, the damage is continuing, and each overflow constitutes a separate and distinct cause of action." If, therefore, the damages claimed are consequential as a result of the construction of the improvement described in the plea, free from negligence on the part of defendant in construction or maintenance, the plea would be good as res adjudicata. But, as we read the complaint in this case the claim for negligence is the maintenance of a pipe across Thirty-Sixth avenue in the city of Birmingham at a point indicated and described for the passage of surface water, the inadequacy of which pipe caused the water to overflow plaintiff's property to his injury.

Engineering is for the most part an exact science, and in the main it determines conclusions from data and measurement accurate in themselves and forming results which may be depended upon. But drainage is one branch of engineering wherein the flow of water to be controlled depends in a large degree upon estimates of rainfall over a period of years, and, while the terrain to be drained may be accurately surveyed and platted, the conduits for handling the flow must of necessity rest largely in the individual estimate of the engineer making the survey. The projected improvement may be correct from an engineer's standpoint and its construction according to plans and specifications free from negligence, imputable to the city, but, if it subsequently appears that the estimated pipe or conduit is insufficient to carry the water flow, a continuance of this condition would be actionable negligence, entitling plaintiff to damages. Such injuries as are here complained of did not exist, nor could the damages therefor be ascertained upon the construction of the improvements described in the pleas, but they arose subsequent thereto, as the result of the same in conjunction with subsequent intervening causes, or as was said in Meharg v. Ala. Power Co., 201 Ala. 555, 556, 78 So. 909, 910: "In other words, the injuries complained of were not capable of being ascertained at the time the dam [embankment here] was constructed or even so reasonably contemplated as to authorize payment or security therefor as provided by said section 235 at the time of the construction or enlargement of the ways, works" etc. It is easy to differentiate the case at bar from Tarrant City v. Pope, supra, where the improvement consisted of a large drainage ditch, in such proportions as to make it permanent, whereas here the defect applies only to a pipe across a street, which could be abated. One of the clearest statements of the rule is to be found in Hamilton v. Ala. Power Co., 195 Ala. 438, 70 So. 737, 741, where the present Chief Justice concludes that: "It is very plain to our view that the constitutional provision [section 235] was only intended to apply to such injuries as are capable of being ascertained at the time the works are being constructed or enlarged, for the reason, among others, that it requires payment to be made therefor, or security to be given, in advance.".

From all of the authorities read we conclude that the facts set up in pleas 6 and 9 do not constitute res adjudicata as to the damages claimed in the complaint, and that the court erred to a reversal in so ruling.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.