147 So. 615

## CRAWFORD v. CITY OF DECATUR.

### 8 Div. 488.

Supreme Court of Alabama.

April 13, 1933.

E. W. Godbey, of Decatur, for appellant.

Tennis Tidwell, of Decatur, for appellee.

GARDNER, Justice.

Among other street improvements in the city of Decatur prior to its consolidation with the city of Albany, was the paving project of Davis street on which a part of the property of appellant abutted. From the assessment on his property by the governing authorities of Decatur the owner appealed to the circuit court (section 2204, Code 1923), where the assessment was sustained by the court and jury, and this appeal follows. Section 2211, Code 1923.

The area here involved embraces one or two acres upon which is situated some eighteen tenant houses and it is referred to as "cheap negro property," on the outskirts of and separated from the city of Decatur proper by a railroad switch track. Part of the property was situated in Albany, and part in Decatur, that portion in the latter city lay in the apex of a triangle formed by two boundary lines of Decatur.

These premises form a basin that caught much water from a large number of acres, and the owner insists that the flow of water on the property had been increased by the improvements by reason of an elevation of the street and lack of proper facilities for drainage, and that no benefit had accrued. The evidence for the city tended to show no increased flow, a proper drainage, and enhanced value. This general outline of the tendencies of the proof and the issues presented for the jury's consideration will suffice for the purpose in hand.

■ "In fixing a local assessment against abutting property, the ascertainment of the increased value of the property, by reason of the special benefits derived from such improvements under section 235 of the Constitution, 1901, involves, as a necessary part of such inquiry, all elements of appreciation or depreciation. * * * Depreciation of the value of plaintiff's property from this cause [overflow], and for want of ingress and egress to his property by failure to provide a bridgeway across the ditch, were elements of damage directly involved in the assessment against his property, limited to the benefits derived from such improvements." Town of Tarrant City v. Pope, 221 Ala. 662, 130 So. 390, 391.

The final inquiry is the difference in the value of the property before and after the completion of the project, and all circumstances tending to show depreciation as well as enhancement are for the jury's consideration. McRea v. Marion County, 222 Ala. 511, 133 So. 278; Hatter v. Mobile County, ante, p. 1, 145 So. 151.

■ As above indicated, the defendant owner offered proof tending to show an increased flow of water by reason of these improvements and, under the rule stated in the authorities cited, the court should have permitted the question to his witness Penny as to whether or not there had been provided facilities for getting the water away from the property. (Assignments of error 9 and 10.) Likewise as to the question propounded to witness Neill (well acquainted with the property for many years) whether the drainage had been made better or worse by the improvements, and "does the water flow on the property more than it did before." (Assignments of error 7 and 8.) So defendant should also have been allowed to show, if he could, by competent witness whether or not there was any way the premises could be drained. Pryor v. Limestone County, 222 Ala. 621, 134 So. 17; Alabama Power Co. v. Sides, 212 Ala. 687, 103 So. 859; 20 Corpus Juris 783; McRea v. Marion County, supra; Kentucky Co. v. Reister, 216 Ky. 303, 287 S. W. 357.

The Sides Case, supra, is authority in support of the question propounded to the witness Crawford as to whether or not the property had been benefited or damaged (not the amount thereof) by reason of the improvement. (Assignment of error 18.)

■■ It was also proper to show that the property had never been used for anything except "negro tenant houses," as bearing upon the question of its adaptability for certain purposes. Long Distance Tel. Co. v. Schmidt, 157 Ala. 391, 47 So. 731. And as bearing upon the situation in a general way, and as affecting values the witness Crawford should have been permitted to answer "how high the water stood upon the ground" (Central of Georgia Rwy. Co. v. Keyton, 148 Ala. 675, 41 So. 918), and the answer of witness that on account of the water accumulation eight tenant houses had to be abandoned, should not have been excluded from the jury. Hatter v. Mobile County (Ala. Sup.) 145 So. 151.

■ That other streets in the city not connected with this particular street here involved were included in the municipal improvement proceedings, was immaterial and objection thereto properly sustained. Stovall v. City of Jasper, 218 Ala. 282, 118 So. 467; Hamrick v. Town of Albertville, 219 Ala. 465, 122 So. 448.

■ The adaptability of the property for uses other than those for which it is now devoted is, of course, proper to be considered as it forms an element of the value, to be weighed in the light of special benefits to be derived from the improvements. But "this does not include possible or imaginary uses * * * which are mere speculative claims." Alabama Central R. R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009, 1010.

We are rather impressed with the observations of the Michigan court, in discussing an analogous question (In re Rogers, 243 Mich. 517, 220 N. W. 808), to the effect that such

benefits must be within the range of present view, capable of financial realization within a reasonable period, and not based upon speculative forecasts contingent upon something so uncertain that it is problematical if it will ever happen. See, also, Mississippi County v. Byrd, 319 Mo. 697, 4 S.W.(2d) 810.

There were some suggestions in the evidence as to other use of the property, which it is insisted were not based upon probability of realization, and were merely speculative. Defendant requested numerous charges regarding the matter of mere speculation as to future use of the property. Without an examination of each of the charges, we may observe that some of them should have been given, of which refused charge 2 is an illustration.

What we have said suffices for another trial of the cause.

For the errors indicated, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.